MARCIA A. NORRIS *vs.* EDWARD H. SAXTON.

Suffolk.   November 30, December 1, 1892. — January 5, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Law of the Road — Collision at Junction of Streets.*

The law of the road, Pub. Sts. c. 93, §§ 1, 4, does not apply to a highway formed by the junction of two streets which cross each other diagonally.

TORT, in two counts. The first count was for injuries to the plaintiff, and to her horse and carriage, alleged to have been caused by the defendant's negligence. The second count was upon the Pub. Sts. c. 93, §§ 1, 4, for the same cause of action.

Trial in the Superior Court, before *Hopkins*, J., who allowed a bill of exceptions, the material part of which is, in substance, as follows.

The plaintiff and the defendant were, between three and six o'clock in the afternoon of May 17, 1889, driving.in separate carriages on a highway in Boston, and at some place on this highway the defendant's horse collided with the plaintiff's carriage. The highway where the collision occurred was formed by the junction of Beacon Street and Commonwealth Avenue, which at this place crossed each other diagonally. Beacon Street crossed Commonwealth Avenue in a southwesterly and northeasterly direction, and Commonwealth Avenue crossed Beacon Street in a northwesterly and southeasterly direction. There was no evidence whether the highway where the collision occurred was Commonwealth Avenue or Beacon Street. There were double tracks of the West End Street Railway Company on part of this highway. These tracks ran from Beacon Street northeasterly of the junction, and continued on Beacon Street southwesterly of the junction. The width south of the car tracks between the rail and the curbstone of the highway formed by the junction varied, the narrowest place being twenty-five feet. The evidence was conflicting as to width between the rail and the curbstone of the highway north of the car tracks. The plaintiff's evidence tended to show that the width was between fifteen and twenty feet. The defendant's evidence tended to show that there was only sufficient space for a single carriage and a man on horseback to pass each other.

At the time of the collision, the plaintiff was driving on this highway easterly, towards Boston, and south of the car tracks. The defendant had, just previously to the collision, driven from Commonwealth Avenue southeasterly of the junction. From the avenue the defendant drove along the junction in a northwesterly direction to the car tracks, at a place where carriages coming from Commonwealth Avenue southeasterly of the car tracks crossed the tracks to Commonwealth Avenue northwesterly of the tracks. The defendant introduced evidence tending to show that, as he was about to cross the car tracks on his way to Commonwealth Avenue northwesterly of the tracks, an electric car suddenly came up behind his carriage, frightened his

horse, and caused his horse to spring sidewise into the plaintiff's carriage, which was at that time passing at his left; and that if the defendant's horse had not sprung sidewise, the collision would not have occurred. The plaintiff testified, on cross-examination, that, if the defendant's horse had continued on the course he was going, he would not have interfered with her carriage; and she contended that the defendant was not, at that time, travelling on the right of the middle of the travelled part of the highway.

The defendant asked the judge to instruct the jury, that, if the travel east and west on the road where the plaintiff was driving at the time of the accident was south of the car tracks, and the defendant was at that time driving on the right of the middle of the travelled part, leaving sufficient room for the plaintiff's carriage to pass the defendant, he was not, in so driving, violating the law of the road, or guilty of negligence.

The judge instructed the jury on this part of the case as follows: " You are called upon to decide in the case at bar this simple question, Did the defendant seasonably turn to the right of the middle of the travelled part of that road ? For the purposes of this case, the court holds that that road is the space between the curbs upon either side; it is not the space lying to the south of the railroad tracks, between them and the southerly curb, but the entire space between the curbs, including the space upon which are the railroad tracks. So you are entitled, in considering this question under the second count, to determine that the middle of the travelled part of the road is the middle between the two curbs of that way, the edgestones on the sidewalks on each side of the way. And the question comes, whether the defendant seasonably turned to the right of the middle part of that space which is between those curbs."

The jury returned a verdict for the plaintiff on the second count; and the defendant alleged exceptions.

*E. H. Pierce*, for the defendant.

*O. A. Marden*, for the plaintiff.

BARKER, J. The verdict for the plaintiff was upon the count under the Pub. Sts. c. 93, §§ 1, 4, commonly called the law of the road. But the highway where the collision occurred was formed by the junction of Beacon Street and Commonwealth

Avenue, in Boston, which at this place crossed each other diago-
nally. The law of the road does not regulate the manner in
which persons shall drive when they meet at the junction of two
streets, and could not therefore give the plaintiff a right of ac-
tion. *Garrigan* v. *Berry*, 12 Allen, 84. See also *Lovejoy* v.
*Dolan*, 10 Cush. 495, 497. As the statute did not apply, the ver-
dict founded upon it must be set aside, and a new trial granted.
We see no occasion to discuss the numerous exceptions argued,
and express no opinion upon them.       *Exceptions sustained.*