Hillsborough, }
April 5, 1904. }

GILBERT v. BURQUE.

In an action to recover for injuries sustained in a collision between carriages, the plaintiff is not chargeable with contributory negligence as matter of law merely because he did not observe the defendant, failed to anticipate the latter's action in suddenly turning to the left, and adopted no measures for self-protection.

CASE, for personal injuries received in a collision between the plaintiff's and the defendant's carriages, and alleged to have been caused by the defendant's negligence. Trial by jury and verdict for the plaintiff. The defendant excepted to the denials of his motions for a nonsuit and for an order of judgment in his favor. Transferred from the September term, 1903, of the superior court by *Wallace,* C. J.

The plaintiff's evidence tended to prove the following facts: Main street in Nashua runs north and south, is about eighty feet wide between the curbs, and has two street railway tracks in it. There is a space of about twenty-two feet between the easterly

track and the easterly curb, and one of about fifty-two feet on the westerly side of the tracks. Pearl street crosses Main street at right angles, is about thirty-seven feet wide, and has one street railway track in it. On July 2, 1902, the plaintiff was driving northerly on the right-hand side of Main street, east of the railway tracks, approaching the Pearl-street crossing. At the same time the defendant was driving easterly on Pearl street, approaching the Main-street crossing. The horses of both were gentle and were moving at a slow rate of speed. One or more street cars stood upon the westerly track on Main street, about fifty feet northerly of the crossing. As the defendant turned into Main street, a railway conductor rang the bell as a starting signal, and the gong on the car was sounded. After the defendant had turned into Main street, and when he was within about fifteen feet of the westerly railway track, his horse exhibited fright, pranced, and started into a rapid gait. The defendant thereupon turned to the left, attempted to drive between the plaintiff's carriage and a street car, and in so doing collided with and injured her. There was nothing to prevent the defendant from turning to the right and driving down Main street in a southerly direction. He did not see the plaintiff's team until he was almost upon it; but he could have seen it when he was at the westerly line of Main street for a distance of 115 feet, when at the sidewalk line on the easterly side of that street for a distance of 330 feet, and when within fifteen feet of the westerly railway track for a distance of 800 feet. The plaintiff did not see the defendant's team until an instant before the collision, when her attention was attracted by an exclamation, and it was then right upon her.

The defendant's evidence tended to prove the following facts : Just before the collision he was driving his horse down Pearl street at a walk. At the time of the accident the horse, which had previously been safe and gentle, appeared to be frightened. The defendant did the best he could to manage him. It was impossible for the defendant to turn to the right immediately before the collision, as the plaintiff's carriage was in the way..

*Hamblett & Spring* and *Doyle & Lucier*, for the plaintiff.

*Henry B. Atherton* and *Henry A. Burque*, for the defendant.

WALKER, J. Both the plaintiff and the defendant were rightfully attempting to pass over the street. In a general sense, their rights and obligations were equal. Each was bound to exercise a reasonable degree of care under the circumstances to avoid injuring the other, while both were rightfully using the public high-

way. Neither was bound to assume that the other would omit to
perform the duty of careful conduct. Until within a few seconds
of the time of the collision, the occupation of the street by both
parties was not attended with any special danger. If the plain-
tiff had seen the defendant when he drove from West Pearl street
onto and nearly half way across Main street, there was nothing,
as disclosed by the evidence, to indicate to the plaintiff that their
teams would probably collide, or to suggest to her the advisability of
adopting precautions to avoid such a result. According to the
defendant's testimony, his horse was walking and was under perfect
control until he reached the car track. It does not appear that up
to that time her situation was rendered dangerous, or that she was
under any obligation to change her course or to take any other
precaution to avoid the danger of a possible collision with the de-
fendant's team; so that, until the defendant's horse began to show
signs of uneasiness, or to advance at a more rapid rate, the plain-
tiff's failure to observe his team is immaterial. *Waldron* v. *Rail-
road*, 71 N. H. 362, 366. It does not prove contributory negli-
gence on her part, or show that she was not in the exercise of due
care. It does not preclude the natural inference that her conduct
was such as men of ordinary prudence would adopt under the cir-
cumstances.

But it is urged that if she had been looking in the direction of
West Pearl street she would have seen the defendant in time to
have avoided the collision, which was imminent when his horse
began to increase his speed. This conclusion, however, is one of
fact; and the verdict of the jury based on the opposite conclusion
must be sustained, unless, in the judgment of the court, reason-
able men acting as jurors could not differ upon the evidence as to
the truth of the defendant's contention. When, as the defendant
claims, his horse started up in order to cross the track before the
approaching car, he was but a short distance from the plaintiff's
team, which was going north. If the plaintiff had been looking
at the defendant, at that time, it may have been reasonable for her
to assume that he would turn to the right and avoid all danger,
rather than that he would turn to the left and attempt to drive his
team into the narrow passage between her team and the car. Un-
like a car or locomotive, his team was capable of being driven in
more than one course. Its direction was not necessarily in a pre-
scribed line. *Shapleigh* v. *Wyman*, 134 Mass. 118, 119. And as, an
instant before the collision, the liability of its occurrence was not
apparent, it was competent for the jury to find that the plaintiff
was then in the exercise of due care for her own protection. Her
position was not dangerous until the defendant's acts suddenly
rendered it so. The situation did not present "a case of one

going into danger without exercising care, but of one occupying a position which his observation told him was safe unless he was carelessly run upon." *Gahagan* v. *Railroad*, 70 N. H. 441, 449. Whether, during the very short space of time that elapsed after the defendant's horse started up and before the collision, the plaintiff could have avoided the accident by stopping her horse or by turning to the right, and whether failure to resort to these or other means of self-protection was the proximate cause of her injury, are evidently questions upon which reasonable men might differ, and were therefore properly submitted to the jury. The defendant's proposition is, in effect, that it was the plaintiff's duty to have been looking at his team when he increased its speed; to have apprehended that he would suddenly turn to the left, and that, if he did, an accident would happen unless she did something to avoid it. It is consequently argued that her failure to instantly resort to some self-protecting expedient, in view of the sudden acts of the defendant, proves her want of care beyond reasonable controversy—a statement which contains its own refutation. It was legally competent for the jury to find that she was not in fault in the management of her team, and that she sustained the burden of proving that she was exercising due care. *Hutchins* v. *Macomber*, 68 N. H. 473; *Felch* v. *Railroad*, 66 N. H. 318, 323.

The evidence was sufficient to justify the finding that the defendant was negligent in the management of his team, and that his negligence in this respect was the proximate cause of the plaintiff's injury. Extended argument in support of this proposition is unnecessary. Whether there is any competent evidence of the defendant's negligence is a question of law, which upon the evidence reported is not open to serious doubt; but the questions whether it is entitled to great or little weight, and what inferences may be drawn therefrom, are exclusively for the consideration of the jury, upon which arguments in this court are necessarily irrelevant.

*Exceptions overruled : judgment on the verdict.*

All concurred.