Hillsborough,
Nov. 1, 1910.

## CHATEL v. SCHONLAND.

Evidence that a driver guided his horse in close proximity to a street car, in such a manner that collision with an alighting passenger could not bo avoided, warrants a finding of negligence on his part.

One who acts upon the assumption that teams will be so driven upon a city thoroughfare as not to unnecessarily endanger those alighting from street cars is not thereby chargeable with negligence as matter of law.

CASE, to recover for injuries received in a collision with a horse driven by the defendant's servant. Trial by jury and verdict for the plaintiff. Transferred from the January term, 1910, of the superior court by *Wallace*, C. J., upon the defendant's exception to a denial of his motions for a nonsuit and the direction of a verdict in his favor.

*David W. Perkins* and *Cyprien J. Belanger* (*Mr. Perkins* orally), for the plaintiff.

*Taggart, Tuttle, Burroughs & Wyman* (*Mr. Wyman* orally), for the defendant.

PEASLEE, J. The defendant's servant was driving on the left of the right-hand side of Elm street in Manchester, close up to a street car that had just stopped at the transfer station. It could be found that passengers frequently came around the end of the car toward which the horse was moving, and that they could not see an approaching horse, driven as this one was, until they stepped from behind the car and practically in the path of the moving animal. In this situation it might well be found to be negligent to drive with a sleigh over half bare ground, with the horse straining at a pulling gait, and so close to both the side and end of the car that a stop could not be made in season to avoid a collision with an unsuspecting foot-traveler who might step from behind the car. There were twenty-seven feet of roadway for the horse to travel upon, and due care might well require that when passing these standing cars it should be driven further to the right.

It might also be found that the plaintiff was careful. She went around the end of the car "just the same as the rest of them." She thought the driver "would go on that side; he was on my side." It cannot be said as a matter of law that her reliance upon the proposition was not reasonable conduct under the cir-

cumstances. While she knew that teams going south usually went on the west side of the street, there is no evidence that she knew or had reason to believe that they would carelessly drive on the easterly edge of this broad driveway, in a manner highly dangerous to alighting street railway passengers. *Gilbert* v. *Burque*, 72 N. H. 521.

The principle of *Batchelder* v. *Railroad*, 72 N. H. 528, is not involved. There is here no question of subsequent and prior negligence. It is simply a case where it could be found that there was negligence on one side and none on the other. That the very different conclusions drawn from the evidence by the defendant are properly deduced does not affect the result on these motions. *Gilbert* v. *Burque, supra.*

*Exceptions overruled.*

All concurred.