JOSEPH WAGNER, Appellee, v. THORVALD KLOSTER, Appellant.

NEGLIGENCE: Imputed Negligence—Riding on Invitation.    A person riding with another on invitation is not chargeable with the negligence of the driver on the mere showing that they are engaged in a *"common"* enterprise.    It must appear that the invited party *had* the right or *assumed* to have the right to control the movements of the driver.

HIGHWAYS: Excessive Speed by Automobile.    Negligence may be presumed from the operation of a motor vehicle at a speed exceeding 25 miles per hour.    (Sec. 1571-m19, Code Supp., 1913.)

HIGHWAYS: Law of Road—Crossing Intersections.    Principle recognized that travelers passing each other at right angles at intersections are not controlled by the statute which requires them

to turn to the right when *meeting*. (Sec. 1569, Code Supp., 1913.)

TRIAL: Instructions—Correct But Not Explicit. Lack of explicit-
ness in a correct instruction is waived by failure to request a
more explicit one.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHIN-
SON, Judge.

JANUARY 20, 1920.

ACTION for damages consequent on a collision of au-
tomobiles, resulted in a verdict for plaintiff and judgment
thereon. The defendant appeals.—*Affirmed.*

*Nelson Miller,* for appellant.

*Kass Bros. & Sievers,* for appellee.

LADD, J.—I. At about 5 o'clock in the afternoon of
July 22, 1917, Joseph Collins was returning from a picnic
on the Floyd River near Carnes. In the back seat of his au-
tomobile sat his wife and two daughters.
The plaintiff, a brother of Mrs. Collins', rode
with him in the front seat; and, as they
reached the crest of a hill, in going east,
plaintiff remarked to Collins, "there comes a car from the
south;" and both observed the defendant's automobile at
the top of a knoll on the north and south road, some 15 or
20 rods south of the intersection. With defendant were his
son, two daughters, and a friend. As Collins' automobile
was passing near the center of the intersecting highways,
the right wheel of defendant's car struck the back wheel of
Collins' automobile, throwing plaintiff through the wind-
shield, and causing serious injuries to his person. Recov-
ery for damages sustained thereby is sought in this action.
The grounds of negligence alleged are that the defendant
operated his car at an excessive and careless rate of speed,

1. NEGLIGENCE:
imputed negli-
gence: riding
on invitation.

and that, knowing plaintiff to be in peril, he failed to exercise ordinary care to avoid the collision. The sufficiency of the evidence to carry to the jury the issues as to whether the defendant was negligent in the respects alleged, and plaintiff free from contributory negligence, is challenged. The evidence, without dispute, indicates that plaintiff was the guest of Collins. He was employed by one Bogh as a farm hand, and in the evening previous, both Collins and his wife told him of the picnic, and asked if he would like to go. Upon being assured that he would, they invited him to accompany them home, and ride to the picnic with them. All understood that he was accompanying them gratuitously, as their guest. He neither exercised, nor had the right to exercise, any control over the car, and there is no ground whatever for holding him responsible for the negligence, if any, of Collins. In a sense, they were pursuing a common purpose,—that is, returning from the picnic,—and plaintiff was to be let out at his employer's home. This was merely incidental to the trip, and, as he had no voice in what was done, he cannot be said to have engaged in a common enterprise. As said in *Nesbit v. Town of Garner*, 75 Iowa 314:

"The law will not create or presume the relation [of principal and agent] from the mere fact that he accepted the invitation of another to ride in his carriage. If he is but the guest of the other, and neither has nor assumes the right to direct or control the conduct of the driver, neither he nor the owner can be regarded as his servant. In such a case, he would not be answerable to a third person for an injury caused by the negligence of the driver, and it seems to us that there is no principle of law upon which such negligence can be imputed to him when it contributes to his own injury."

To defeat the plaintiff's recovery, his relations to Collins, the driver, must have been such as to render the plaintiff in some manner responsible for the acts or omissions of

Collins, and these must have been negligent, and have contributed to the injury. In other words, they must have been engaged in a joint venture or common enterprise, in the management of which each was possessed with some authority to control, at least in the respect in question, and to the extent that each, in what he may have done, can be said to have acted for the other. Parties cannot be said to be engaged in a joint venture or common enterprise, within the meaning of the law, unless there be a community of interest in the objects or purposes of the undertaking, and an equal right in each to direct and govern the movements and conduct of each other with respect thereto. Each must have some voice and right to be heard in its control or management. See *St. Louis & S. F. R. Co. v. Bell,* 58 Okla. 84 (L. R. A. 1917A 543). In *Withey v. Fowler Co.,* 164 Iowa 377, it was said that, to impute the driver's negligence to another occupant of the carriage, the relation between them must be shown to be something more than host and guest. See *Cram v. City of Des Moines,* 185 Iowa 1292, for review of decisions on the doctrine of imputed negligence. In *Shultz v. Old Colony St. R. Co.,* 193 Mass. 309 (8 L. R. A. [N. S.] 597), the court reviewed a great number of decisions from the different states, and reached the conclusion that the rule fairly deducible therefrom is that:

"Where an adult person, possessing all his faculties and personally in the exercise of that decree of care which common prudence requires under all the surrounding circumstances is injured through the negligence of some third person and the concurring negligence of one with whom the plaintiff is riding as a guest or companion, between whom and the plaintiff the relation of master and servant, or principal and agent, or mutual responsibility in a common enterprise, does not in fact exist, the plaintiff being at the time in no position to exercise authority or control over the driver, then the negligence of the driver is not imputable to the injured person, but the latter is entitled to recover

against the one but for whose wrong his injuries would not have been sustained. Disregarding the passenger's own due care, the test whether the negligence of the driver is to be imputed to the one riding depends upon the latter's control, or right of control, of the actions of the driver, so as to constitute in fact the relation of principal and agent or master and servant, or his voluntary, unconstrained, noncontractual surrender of all care for himself to the caution of the driver."

In *Anthony v. Kiefner*, 96 Kan. 194 (L. R. A. 1915 F, 876), one Kiefner, who had recently purchased an automobile, invited his mother to ride with him, and, in accepting, she took her place at the wheel, and drove the car for about three blocks. The son then resumed his place, and drove thereafter. Owing to negligence, as was found, on the part of the son, the car collided with another, and caused the death of Mrs. Anthony, and judgment for damages was recovered against the mother, as well as her son. She had informed her son of her desire to stop to get a cake which Mrs. Norris had made for her, and, on the strength of this, the jury found, in response to a special interrogatory, that she had participated in the management of the car by "directing its destination." The court, in disapproving this ruling, said:

"If they had set out on a business errand, to collect cakes or the like, instead of a pleasure ride, or if in executing any common purpose in which both were exercising control, or in any case where one might be said to be the agent of the other, it might be held that there was a joint adventure and joint liability. The call proposed to be made on the trip was a mere incident of the ride and created no more responsibility for the driver's act than if he had been operating a taxicab or some other public conveyance. In no sense did her request create the relation of principal and agent or master and servant between them, nor give the journey the character of a joint enterprise. The fact that

an owner of an automobile who has invited a guest to ride with him takes a particular course at the request and for the pleasure or convenience of the guest does not indicate management of the automobile nor result in responsibility of the guest for the conduct of the owner and operator."

These decisions correctly state the rules, and are sustained by the overwhelming weight of authority. As pointed out, the injured guest or passenger must be responsible, to some extent at least, for the conduct of the driver, before the negligence of the latter, contributing to his injury, can defeat recovery from a third party, perpetrating or participating in the perpetration of the wrong causing such injury. If he have the right to direct the operation or control of the automobile, or so does, the driver is but his agent or servant. So, too, is he in such relation when the vehicle is made use of in a joint venture or common enterprise; for therein each enjoys equal rights, and each is acting for both in carrying out their common design. In the case at bar, the defendant is found to have done the wrong which injured plaintiff, who also was found not to have contributed thereto. The circumstance that the negligence of some third party contributed thereto ordinarily would not bar recovery. The party injured, if without fault, ought not to go remediless against one but for whose wrongful act he would have been unharmed. To hold otherwise necessarily requires the inference that, in accepting the invitation as a guest to ride in the automobile, the invited person somehow entered into a contractual relation, whereby the driver became his agent or servant. No argument is essential to dispose of such a fallacy, though decisions are to be found in which such a relation is implied. Both persons would repudiate such an inference, and the association as host and guest is, in itself, repugnant to any thought of contract.

We reach the conclusion that, to warrant the denial of

recovery by a guest invited to ride in an automobile, on the ground that the negligence of the driver contributed to his injuries, it must appear that the guest was in some manner responsible for what the driver did. He must have either directed the operation of the car or have had the right so to do, or have been engaged in some joint venture or common enterprise wherein each, in what was done, was acting for both. A person invited unconditionally to ride with the driver of an automobile as a guest to some place or on some trip, or generally for pleasure, does not thereby enter upon such a joint venture or common enterprise as renders him responsible for the acts or omissions of the driver, within the meaning of the law. Something more is essential to accomplish this: i. e., their relations must be such that each, in what he does in carrying on the common purpose, may be said not only to act for himself, but for the other; and in no event is the negligence of the driver to be imputed to the guest or passenger, unless the guest or passenger has the right to direct or control in some manner the operation of the vehicle, or, in fact, does exercise some control in the management thereof. It is manifest from the evidence that plaintiff was not responsible for what Collins did in the operation of the automobile, and the negligence of Collins, if any, might not be imputed to plaintiff.

II. The plaintiff, even though a guest, must have exercised ordinary care for his own protection. He was not remiss in keeping an outlook, for he directed Collins' attention to defendant's approach, when each was a considerable distance from the intersection. According to several witnesses, Collins' automobile did not exceed in speed 15 miles an hour, and the evidence that he was an experienced and careful driver was undisputed. In these circumstances, it cannot be said that plaintiff, as an ordinarily prudent and cautious person, must have interfered with the operation of the car by suggesting that it stop or slow down before

reaching the intersection. Whether the exercise of ordinary care exacted that plaintiff should have done more than he did, was for the jury to determine.

III. Nor can it be said that the record is without evidence from which the jury might have found that defendant was negligent in driving his automobile at an excessive rate of speed, but for which the collision would

2. HIGHWAYS: excessive speed by automobile.

not have occurred. Five witnesses who observed his approach from the top of the knoll testified that, in their opinion, his vehicle was moving at a speed of from 40 to 50 miles an hour. Section 1571-m19, Code Supplement, 1913, denounces a speed exceeding 25 miles an hour as presumptively negligent. The jury might have based a finding of negligence on this evidence, and concluded that, but for such excessive speed, Collins' car would have passed without being struck by that of defendant. The estimates of the distance from the intersection south to the top of the knoll was 15 to 20 rods, and from the intersection to the crest of the hill west, 10 to 25 rods. If the estimates of these distances were correct, then, of course, the opinions as to the relative speed of the cars was erroneous. All these estimates were merely matters of opinion, however, and it was for the jury to say, from all the evidence, whether the defendant was driving at a negligent rate of speed when the cars collided.

IV. The defendant swore to turning his car to the left when about 20 feet from the place of collision, but three witnesses in behalf of plaintiff testified that the car was not swerved to the right or left. According to

3. HIGHWAYS: law of road: crossing intersections.

his story, he noticed Collins' automobile for the first time when each was about 50 or 60 feet from the place of collision; and, as his right wheel struck the back wheel of Collins' car, the jury might have concluded that, in the exercise of ordinary care, he might have veered or turned his car to the left, and have

avoided the collision, and in failing so to do was negligent. Even if the cars were approaching at the speed thought by defendant, Collins' automobile at 30 miles an hour and that of defendant at 15 miles per hour, the jury might the more readily have reached the conclusion that he might have turned the car to the left of Collins; for, though there was a post and a mail box to the right, the road to the left was clear and passable. Appellant, however, argues that the defendant had the right of way, and that Collins was bound to stop and allow the defendant first to pass, according to the law of the road; and relies on *Hubbard v. Bartholomew,* 163 Iowa 58. That decision does not purport to deal with cars approaching an intersection at right angles, and it is quite generally held that a statute in substance requiring travelers meeting on the highway to turn to the right, has no application to the situation where travelers meet at the junction of two highways. The rule of the common law applies in such cases, and each person must exercise ordinary caution to avoid a collision. *Lovejoy v. Dolan,* 10 Cush. (Mass.) 495; *Norris v. Saxton,* 158 Mass. 46 (32 N. E. 954); *Morse v. Sweenie,* 15 Ill. App. 486; *Gilbert v. Burque,* 72 N. H. 521 (57 Atl. 927). If Collins, as a reasonable, cautious, and prudent man, believed that he would be able to drive over the intersection before the defendant reached it with his automobile, then he was not negligent in undertaking to do so; and if the defendant, by reason of his excessive speed or the negligent management of his car, collided with Collins, he was liable.

The defendant excepted to Instruction No. 9, submitting to the jury whether plaintiff had or assumed the right to direct or control the operation of Collins' automobile, on the ground that the doctrine of imputed negligence was not correctly stated. As seen, the evidence was not such as to bring that doctrine into the case, and the issue submitted was not raised by the evidence. There is no exception on

this ground, however; and, if there were, the defendant could not well have been prejudiced thereby.

Appellant also criticises the instructions for that, as is said, they are not balanced.  The jury was told that:

"If plaintiff, at the time and place in question, did not exercise that care of his person, while riding with said Collins at the time and place in  question, which a careful and prudent person would have exercised under the same or like ·circumstances, and the failure on his part to exercise this care contributed to the injury and damage of which he complains, then he cannot recover.  But all that was required of this plaintiff, at the time and place in question, was that he conduct himself as a reasonable, cautious, and prudent man would do under the same and like circumstances to prevent injury to himself."

4. TRIAL: instructions: correct but not explicit.

The criticism is that the jury was not advised of the respects in which plaintiff is claimed to have been negligent.  Had the defendant desired more specific instruction, he should have requested it.  In the absence of such request, the court is not required to direct the jury's attention to specific phases of the evidence.  This rule is too well established to require the citation of authority.  We discover no reversible error, and the judgment is—*Affirmed.*

WEAVER, C. J., GAYNOR and STEVENS, JJ., concur.