## McCAULEY *v.* DETROIT UNITED RAILWAY.

1. EVIDENCE—HUSBAND AND WIFE—LOSS OF SERVICES—DAMAGES.
    It was prejudicial error, in a personal injury case brought by a
    married woman, to permit her to show that her husband con-
    ducted a store of which she was chief manager, and that by
    reason of her injuries she was unable to perform the same
    duties as formerly and in consequence the business failed.
    That defendant brought out, on cross-examination of plain-
    tiff's physician, the fact that had she submitted to an opera-

tion promptly her sufferings would have been diminished, did not justify the admission of the objectionable testimony, and plaintiff should not have been permitted to go further after testifying that neither she nor her husband had sufficient means to pay for the operation.

2. HUSBAND AND WIFE — NEGLIGENCE — PERSONAL INJURIES—ACTION FOR LOSS OF WIFE'S SERVICES.

If the husband suffered the loss of his wife's services, they could only be recovered for in an action instituted by him.

Error to Wayne; Hosmer, J. Submitted January 19, 1911. (Docket No. 126.) Reargued October 6, 1911. Decided November 3, 1911.

Case by Catherine McCauley against the Detroit United Railway. Judgment for plaintiff. Defendant brings error. Reversed.

*Corliss, Leete & Joslyn* (*William G. Fitzpatrick*, of counsel), for appellant.

*William H. Turner*, for appellee.

BIRD, J. Plaintiff recovered a judgment in the Wayne circuit court against the Detroit United Railway for personal injuries which she claims to have received while attempting to alight from one of its cars in the city of Detroit. The defendant asks for a reversal of the judgment on several grounds, chief of which is that the trial court erred in the admission of testimony.

While plaintiff was on the witness stand, her counsel developed that she was a married woman, residing with her husband at Merrill, in this State; that on the day of the accident she was in Detroit on business, and while in the act of alighting from one of the defendant's Jefferson avenue cars she was thrown to the pavement by the sudden starting of the car, and seriously injured; that the most serious injury which she suffered was a retroversion of the uterus. Following this, plaintiff's counsel showed by Dr. Kennedy that the injury was a serious one. Upon

cross-examination Dr. Kennedy testified that, while the injury was a serious one, it could probably be cured by a surgical operation, and that the proper time for such an operation was within a reasonably short time after the injury, and he further gave it as his opinion that much of the pain and suffering which plaintiff had endured since the accident might have been averted by a prompt surgical operation. Plaintiff then showed by the doctor that such a surgical operation would cost from $500 to $1,000. Subsequently plaintiff was recalled to the stand, and testified that neither she nor her husband had the means with which to procure such an operation as Dr. Kennedy advised. She further testified that her husband, prior to her injury, was conducting a store, and that she was the chief manager of the business, and as a consequence of her injury she was taken away from it and it went bankrupt. This testimony of the plaintiff is complained of as error. Counsel argues that it was prejudicial to his case, and was a temptation to the jury to make good the business losses of plaintiff's husband. Plaintiff's counsel argues in justification of its admission on the ground that defendant developed the testimony to the point where he could argue to the jury that, had plaintiff submitted to an operation promptly, her suffering would have been very much lessened.

We are of the opinion that it was competent for plaintiff to show the seriousness of the injury and what the probable cost would be to effect a cure, and, after defendant had shown that the proper time for an operation was immediately following the accident, we think it was proper for plaintiff to show that neither she nor her husband had the means to pay for such an operation. But we are inclined to agree with defendant's counsel that when she went further and testified that her husband was engaged in conducting a store, and that it went bankrupt by reason of the loss of her services and attention, that she went further than was proper, and further than was necessary to explain any unfavorable inferences which

might have been drawn by defendant's counsel from her failure to be operated upon promptly. Evidence of what her husband had lost on account of her injury would be more misleading than helpful to a jury, in determining what loss she had sustained.

Her husband was entitled to her services, and, if he lost them through the wrongful act of defendant, they could be recovered for only in a suit instituted by him. We think the testimony was incompetent, and that the effect of it was to augment the damages allowed her by the jury.

There are other assignments of error, but they are of such a character that they will not likely arise upon a new trial. Therefore they will not be considered.

For the error pointed out, the judgment will be reversed, and a new trial granted.

STEERE, MOORE, BLAIR, and STONE, JJ., concurred. OSTRANDER, C. J., and McALVAY and BROOKE, JJ., concurred in the result.