COLLINS *v.* HULL.

1. NEGLIGENCE—EMERGENCY—DEGREE OF CARE.

One placed in emergency through no fault of his own is not bound to exercise same degree of care as if emergency did not exist.

2. MOTOR VEHICLES—NEGLIGENCE.

Automobile driver who drove at rate of 40 to 45 miles per hour over rough road cut up with ruts, with loose gravel in middle, resulting in car's swerving and striking car going in opposite direction, was properly found guilty of negligence.

3. HUSBAND AND WIFE—HUSBAND ENTITLED TO WIFE'S SERVICES AS HOUSEKEEPER—DEATH.

Husband is entitled to wife's services as housekeeper, and therefore he alone may recover for loss thereof through wrongful killing of wife.

4. DEATH—SURVIVAL ACT—WIFE'S SERVICES AS HOUSEKEEPER—DAMAGES.

In administrator's action under survival act for wrongful death of wife, testimony as to value of her services as housekeeper should not have been considered in assessing damages, since husband alone may recover therefor.

5. APPEAL AND ERROR—LAW ACTION TRIED WITHOUT JURY CONSIDERED DE NOVO—DAMAGES.

While Supreme Court, under Michigan Court Rule No. 75, may consider action for damages tried without jury *de novo*, it is unwilling to determine correctness of amount of damages without some indication by trial judge as to what amount should be.

6. DEATH—DAMAGES—PAIN AND SUFFERING.

In action under survival act, judgment for $4,000 for death of married woman 60 years of age, was justified, where she lived for four days after accident, during which time she was conscious and suffered very great pain.

As to care required in sudden emergency not to injure another person, see annotation in 37 L. R. A. (N. S.) 60.

Appeal from Kent; Brown (William B.), J. Submitted October 23, 1931. (Docket No. 222, Calendar No. 36,014.) Decided January 4, 1932.

Case by William H. Collins, administrator of the estate of Alma Collins, deceased, under the survival act, against Ivan E. Hull for personal injuries resulting in the death of plaintiff's decedent. Judgment for plaintiff. Defendant appeals. Affirmed.

*William J. Branstrom,* for plaintiff.

*Rodgers & Dunn,* for defendant.

BUTZEL, J. Plaintiff, William H. Collins, sues as administrator of the estate of Alma Collins, his wife, whose death resulted from injuries sustained by her in a collision between a Buick car driven by defendant, Ivan E. Hull, and a Whippet car driven by Collins, and in which decedent was riding. At about 2:30 on July 13, 1930, Collins, accompanied by decedent and others, was driving carefully in a westerly direction along the north side of M-44, a very rough and pitted road with loose gravel scraped together by gravel trucks, in the center. Defendant was driving in an easterly direction along the south side of the road at a rate of about 40 to 50 miles per hour, but keeping towards the center. Defendant claims that when about 200 feet from the Collins car, and while driving down from a knoll, he lost control of the steering gear of his car, which turned slightly towards the north side of the road. Defendant failed to apply his brakes or slacken his speed, and his car hit the left front wheel and fender and scraped the side of the Collins car with such force that the Collins car was turned over on its right side and the Hull car, after proceeding a rod further, went into a ditch. Decedent was thrown out of the

car and sustained severe and painful injuries, from which she died four days later.

Defendant attributes the accident to the fact that there were ruts in the road and a pile of loose gravel in the center, and that notwithstanding his efforts to avoid a rut, he struck one while slightly turning his wheel. He claims that as a result, the car turned to the northeast, and that when he reached for the brake and clutch, his right knee struck against the ignition lever and the key locking the steering apparatus, with such force, so as to injure and cut his knee in two places; that in some inexplicable manner the ignition lever broke off and fell to the floor, and the key was half turned and bent, locking the steering rod so that he could not turn the wheel or steer the car. He further claims that, owing to his confusion in the emergency that arose, he failed to apply his brakes although they were in good condition; he admits that it was probably true, as stated by another witness, that he could have stopped the car within a distance of 50 feet from the Collins car. Had he applied his brakes and stopped the car, or even reduced its speed, the force of the impact would have been very much lessened. The mechanic who examined defendant's car after the accident testified that he found the ignition lever broken off and the key turned in the lock. The local Buick dealer testified that it was physically impossible for the lever to be broken, the key turned, and defendant's knee hurt in the manner described, and that the collision itself caused all the damage. We are impressed on reading the record, including the testimony of defendant's own witness, that the damage was caused by the collision. The trial judge, however, found liability because defendant made no effort to apply his brakes and bring the car to a standstill. One placed in an emergency through no fault of his own is not

bound to exercise the same degree of care as if the emergency did not exist. *Myler v. Bentley,* 226 Mich. 384 (23 N. C. C. A. 859). When, however, one drives at a rate of 40 to 45 miles per hour over a rough and pitted road cut up with ruts, and with loose gravel in the center, and strikes some uneven rut that causes his car to swerve, he is not without fault, nor is he driving in the manner that a careful and prudent driver would under like conditions. Defendant's negligence in this regard was the first link in the causal chain that led to the accident. The record overwhelmingly supports the finding of the trial court that the defendant was guilty of negligence. The court assessed the damages at $4,000.

Testimony was admitted showing that decedent was a housewife, living with her husband; that she was 60 years of age, and that the prevailing wage of housekeepers was from $7 to $10 a week. The suit was brought under the survival act (3 Comp. Laws 1929, § 14040 *et seq.*). Decedent's husband was entitled to her services as a housekeeper, and he alone can recover for them. *McCauley v. Railway,* 167 Mich. 297. The testimony in regard to decedent's services as housekeeper should not have been taken into consideration in assessing damages in the present case. However, the trial judge, who tried the case without a jury, stated in rendering judgment:

"I think myself that the question of earnings in this case would be highly speculative and problematical."

He should have said that it would not be considered at all. In rendering judgment, he further said:

"Without further comment on the subject, I will simply say that under all the circumstances in the

case, including pain and suffering, and whatever earnings have been in contemplation, I will render a judgment for the plaintiff in the sum of $4,000."

The amount of the judgment reflects the fact that the trial judge gave but little, if any, consideration to the earnings in contemplation, but, if he did, a judgment for $4,000 exclusively for pain and suffering, was fully justified. While, under Michigan Court Rule No. 75, we may consider the case *de novo,* we are unwilling to determine the correctness of the amount of damages without some indication by the trial judge who has heard all of the testimony and seen the witnesses, of what the amount should be. We are impressed by the record, however, that $4,000 is a fair amount in the present case. Decedent lived four days, during which she was conscious and suffered very great pain. While the monetary compensation can not be measured with any degree of certainty, nevertheless, plaintiff is entitled to a substantial amount for the pain and suffering endured by decedent. *Oakes* v. *Van Zomeren,* 255 Mich. 372. We have affirmed judgments for larger amounts in cases of infants who only survived a few hours after receiving fatal injuries. *Swaczyk* v. *Detroit Edison Co.,* 207 Mich. 494; *Ignaszak* v. *McRay Refrigerator Co.,* 221 Mich. 10; *Love* v. *Railroad Co.,* 170 Mich. 1, 8; *Mulvihill* v. *Railway,* 231 Mich. 123. In *Stone* v. *Sinclair Refining Co.,* 230 Mich. 472, we affirmed a judgment for $4,000 exclusively for pain and suffering in the case of a married woman who lived only four hours after the accident.

The judgment of the lower court is affirmed, with costs.

McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred with BUTZEL, J. CLARK, C. J., concurred in the result.