## THERIOT v. FONTENOT.

### No. 1120.

Court of Appeal of Louisiana. First Circuit.

April 17, 1933.

McCoy, Moss & King, of Lake Charles, for appellant.

Pujo, Bell & Hardin, of Lake Charles, and Milner & Porteous, of New Orleans, for appellee.

ELLIOTT, Judge.

In a collision between an automobile driven by Ben Theriot and another driven by Henry A. Fontenot, the plaintiff, Theriot, was severely hurt; his principal hurt consisting of an injury to his left eye.

The plaintiff alleges that the collision was wholly and entirely due to the fault and negligence of the defendant, and he claims of him on account of personal injuries and consequent expenses a total sum of $2,579.16 resulting from the collision.

The defendant, Fontenot, for answer denies the fault and negligence alleged against him, and alleges that the collision was due instead to the fault and negligence of the plaintiff, but, in the alternative, and in case it be found that he was negligent and at fault in the matter, he then in that event and alternative pleads that the plaintiff was also negligent and at fault, and that plaintiff's contributory fault and negligence brought about the accident, and that he cannot recover of him on that account. The lower court, for reasons assigned in writing, found that the plaintiff was negligent and at fault in the matter of the collision and rendered judgment rejecting his demand. The plaintiff has appealed.

The plaintiff filed and amended a supplemental petition increasing his demand, against which the defendant urged a plea of prescription. The amended demand and the exception of prescription urged thereto was by consent of parties referred to the merits. As the lower court held against the plaintiff on the merits, there was no ruling on the amended demand and the prescription urged against it.

The evidence shows that the plaintiff was in the employment of Simon Rice Mills of Crowley, La., and was going west driving the automobile which collided with that of the defendant. He was accompanied in the automobile by L. B. De Bellevue, who was also in the service of Simon Rice Mills. The defendant was coming east toward Welsh. The parties met and the accident occurred on a concrete bridge about 82 feet long and about 16 feet wide. The automobiles which the plaintiff and defendant were driving were each about 6 feet wide.

The parties each saw the other before they reached the bridge. The day was clear, it was about 10 o'clock a. m., the road was straight, and nothing prevented either from seeing ahead, and the care which meeting and passing on the bridge called for was obvious to both of them.

The plaintiff testifies that he reached and entered on the bridge first, and that the collision occurred on the western end of the bridge. The plaintiff speaks very positively that such was the case, but Mr. De Bellevue, who was in the automobile with him seated on the front seat, and who can hardly be said to be entirely disinterested, and who had an equal opportunity to see ahead, was not so positive about that matter. We quote Mr. De Bellevue as follows:

"Q. Which one of those cars got to that bridge first? A. I would judge we did.

"Q. Are you certain about that? A. Just about as certain as I can be, Mr. Hardin."

Fontenot, defendant, is positive that he was the first to reach and enter on the bridge, and his statement on the subject is supported by the testimony of H. D. Denton and of Hood Denton. The Messrs. Denton were apparently disinterested witnesses, and their testimony has left the impression on our minds that their statements can be accepted as fair and given without bias. They were on the north side of the road and distant about 75 or 100 yards from the bridge, but looked toward it as the plaintiff passed going about 35 miles an hour; that the speed of the plaintiff caused him to feel some concern should the defendant fail to get across the bridge before the plaintiff reached it. He knew that the bridge only afforded a narrow leeway, and that moderate speed with cars under proper control was necessary to enable them to pass each other on it in safety.

The plaintiff refers to marks and scratches on the northern side of the bridge, and claims that they were made by the hubs on the ends of his axle on getting close to the north side in order to avoid the defendant, who had left his proper side of the bridge and was impinging on the side that belonged to the plaintiff. But the evidence does not satisfy us that these marks were made by plaintiff's automobile in driving close to the north side of the bridge in order to avoid being struck by defendant's car as he claims. Evidence of this kind is very important in some cases, but in the present one we can find nothing that supports plaintiff's contention that the collision was due to the fault and neglect of the defendant. Nobody could be positive that these marks and scratches were made by plaintiff's automobile. Marks and scratches of the kind can be seen on almost any bridge. The pictures show similar marks on the south side of the bridge. The showing on this subject is weak evidence for the plaintiff.

Plaintiff questioned the defendant, the purpose of which was to show that his eyesight was not good, and that this infirmity gave rise to an inference that he was not a safe driver on the road, particularly when facing the sun. This matter has received our consideration, but we find nothing that would justify holding that defendant was not a safe driver due to defective eyesight.

Our attention is also directed to the testimony of mechanics as to injuries done to the cars as a result of the impact. This kind of testimony is also very often highly important, but in this instance the facts testified to do

not aid us in forming a conclusion as to which of the parties was at fault in the matter of driving on this bridge.

The law (Act No. 296 of 1928, § 5(a) governing the conduct of the parties provides that: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such speed as to endanger the life, limb or property of any person."

There is no need for a party driving on this highway on coming to this bridge and seeing another party coming who will meet him on the bridge to stop and wait for the other to pass so as to avoid meeting on the bridge. The bridge is wide enough for them to pass each other on it in safety, but they should, before entering on it, slow down to such speed and go forward with their automobiles under such control that each can keep safely to his side of the road. In this case we are unable to ascertain from the evidence whether it was the fault and want of care of one or both of the parties that brought about this accident, but we are firm in the conviction that the plaintiff has not shown with reasonable certainty that the collision was due to the fault of the defendant. As we find that the plaintiff is not entitled to recover on the merits of the case, a ruling on the amended petition and the exception of prescription urged against it would serve no useful purpose. The judge rejecting the demand of plaintiff is correct.

Judgment affirmed; the plaintiff to pay the cost in both courts.