HARDING v. BLANKENSHIP.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

In actions by mother and next friend of her three-year old child for personal injuries sustained in same head-on automobile collision and brought against same defendant, where verdict resulted in his favor as to mother but against him as to child, since it must have concluded drivers of both cars were negligent but that negligence of driver of plaintiff's car could not be imputed to minor, main question on appeal is whether or not defendant was guilty of negligence.

2. SAME—QUESTION OF FACT—VERDICTS AND FINDINGS—PREPONDERANCE OF EVIDENCE.

On appeal from verdict and judgment for plaintiff in trial of which case testimony was close and judge remarked he would have sustained verdict for defendant, Supreme Court may not disturb it unless verdict was against the great preponderance of the evidence.

3. AUTOMOBILES—NEGLIGENCE—EVIDENCE.

In action for damages caused by head-on collision between automobiles on approach to narrow bridge, where there was positive, though disputed, testimony as to whether negligence of plaintiff's driver was sole cause of accident verdict and judgment for minor will not be set aside because plaintiff's car after accident was on left side of the road, such physical facts not being absolutely determinative of just what happened immediately prior to the collision.

4. SAME—NEGLIGENCE—SPEED—HIGHWAYS AND STREETS.

When the driver of a car is speeding at 70 miles an hour over the damp pavement of a bridge 16 feet 3 inches in width and with but a small margin of surface space remaining unoccupied when two cars almost six feet in width are abreast of one another, he is not proceeding with due regard to the surface and width of the highway, traffic and other conditions.

5. NEGLIGENCE—SUDDEN PERIL—SPEEDING ONCOMING CAR.

The law makes allowances for action of one confronted with sudden peril and his ensuing fright and lack of coolness and judgment such as where one motorist approaching narrow bridge is confronted with car approaching at rate of 70 miles an hour.

6. AUTOMOBILES—SPEED—WET PAVEMENT.

Although one driving on damp tarvia pavement has increased burden of driving slowly, speed is not material unless it did contribute to accident and whether it did so contribute is question of fact for jury where supported by testimony.

7. NEGLIGENCE—PROXIMATE CAUSE—QUESTION FOR JURY.

Proximate cause depends upon the particular facts in each case and when there is dispute as to the facts, it becomes a question for the jury.

8. AUTOMOBILES — MINORS — NEGLIGENCE — PREPONDERANCE OF EVIDENCE.

In action by next friend of three-year-old girl for injuries she sustained in head-on automobile collision, verdict for plaintiff *held,* not against great preponderance of evidence as to defendant's negligence.

9. TRIAL—INSTRUCTIONS—REPETITION OF TESTIMONY.

In trial of automobile accident case, failure of trial judge to either repeat or dwell upon particular testimony as requested *held,* not error, where charge as given fairly and fully presented the issues.

Appeal from Kalamazoo; Weimer (George V.), J. Submitted October 16, 1935. (Docket No. 101, Calendar No. 38,588.) Decided January 6, 1936.

Case by Robert G. Harding, as next friend of Nettie Elaine Harding, a minor, against Raymond Blankenship for personal injuries sustained in a

head-on collision between automobiles. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Victor E. Bucknell* and *Harry C. Howard,* for plaintiff.

*Clair S. Beebe* and *Edward J. Ryan,* for defendant.

BUTZEL, J.   At about 7:30 p. m. on September 14, 1934, the car hereinafter referred to as plaintiff's car, in which Nettie Elaine Harding, then not three years of age, was a passenger, collided head-on with a car, owned and driven by Raymond Blankenship, hereinafter referred to as defendant's car. The accident occurred either just south of or near the southerly end of a concrete bridge on the so-called Centerville-Vicksburg road, approximately one and one-half miles south of the village of Vicksburg, Michigan. The bridge, 67 feet 10 inches long, spans a small creek and tapers down from a width of 16 feet 3 inches at its southerly end to 15 feet 10½ inches at its northerly end. The highway leading to the bridge is 23 feet wide. A tarvia pavement, 13 feet 4 inches wide, extends both over the bridge and the road. Well built shoulders, abutting the paved surface, are very narrow on the bridge, but become wider from the ends of the bridge to the road proper. The sides along the approaches are protected by white posts. The road over the bridge, and both to the north and south thereof, runs in a straight direction, but with an incline so that one approaching from the north, as defendant did, could not see the bridge until within approximately 200 yards from it. It had been raining all afternoon on the day of the accident and the road surface was damp. Plaintiff's car was approaching from the south and defendant's car from

the north. Mrs. Harding and her two small children were passengers in plaintiff's car, driven by Mrs. Harding's uncle, John J. Brooks. Howard Brubaker, a friend of the defendant, was accompanying him on a hurried business trip. The impact of the collision was so great that the motor and driveshaft of the plaintiff's car were driven back into the housing of its rear axle so that they were bent into a V-shape and extended out of the rear of the car. Defendant and his companion, Howard Brubaker, were badly hurt, Brooks killed and Mrs. Harding and her daughter, Nettie Elaine, suffered very severe injuries. A suit was brought by Mrs. Harding and also one by Nettie Elaine Harding by her father, as next friend, against Blankenship. The suits were tried together, and resulted in a verdict of no cause of action in Mrs. Harding's suit, and one of $7,895.84 in plaintiff's favor. Evidently the jury believed that the drivers of both cars were negligent for, in denying recovery to Mrs. Harding but rendering verdict for Nettie Elaine, it must have concluded that the drivers of both cars were negligent but that the contributory negligence of the driver of plaintiff's car could not be imputed to plaintiff, an infant.

The main question on appeal is whether or not defendant was guilty of any negligence that either caused or contributed to the accident; whether the alleged negligence of the driver of plaintiff's car was the proximate cause of the accident. The testimony was close and the judge stated that had the jury come to an opposite conclusion, he also would have sustained its verdict. The issue, as presented, becomes solely a question of fact and unless the verdict of the jury was against the great preponderance of the evidence, we may not disturb it.

Plaintiff claims that defendant failed to drive his car at a careful, prudent rate of speed, not greater

than nor less than was reasonable and proper and with due regard to the surface and width of the highway, traffic and of the other conditions then existing; that he drove it at a speed greater than would permit him to bring it to a stop within the assured clear distance ahead; that he did not drive it on the right side of the highway and that thus he deprived plaintiff's car of its right of way. Defendant, on the other hand, in denying these claims, contends that the driver of plaintiff's car suddenly turned it to the left and drove into the path of defendant's oncoming car, and that this alone was the proximate cause of the accident. Defendant relies largely upon testimony as to the physical conditions of the cars on and off the roadway after the accident, plaintiff's car being found on the left side of the road. There was testimony that tracks in the wet tarvia pavement showed that plaintiff's car crossed from the right to the left side. A witness for plaintiff, however, stated that he looked for such tracks but did not find them. Glass was found on both sides of the road. Testimony showed defendant's unfamiliarity with the road and the inability of one coming from the north to see the southerly end of the bridge until quite close to it. Mrs. Harding testified that the driver of plaintiff's car, however, did see defendant's car approaching, and, although he had not sufficient time to bring the car to a stop, applied his brakes. The jury might have reasoned that the sudden application of brakes on a wet or damp pavement may have caused the car to veer or skid. The positions of the cars and other such physical facts after the accident are not absolutely determinative of just what happened immediately prior to a collision. *Prove* v. *Interstate Stages,* 250 Mich. 478.

Evidently the testimony of Mrs. Harding impressed the jury. She testified unqualifiedly that plaintiff's

car was on the right side of the road even to the extent of being off the tarvia pavement, that defendant's car came on at the rate of 70 miles an hour on a damp pavement, turned into and preempted the center of the narrow road and thus ran into plaintiff's car. It is claimed that the effect of her testimony was vitiated by the testimony of a doctor who attended her in the hospital and who said that she told him very shortly after the accident that the driver of plaintiff's car turned in front of defendant's car. The doctor, however, stated that at the time she was under the influence of opiates and remained irrational for several days. Mrs. Harding denied making this statement.

There were only three adult witnesses to the accident—Mrs. Harding, defendant and his companion. Proof of defendant's negligence was furnished by Mrs. Harding. It is claimed that she is an interested witness. Her claim was denied by defendant and Brubaker, both of whom are also interested, the latter having made a claim for damages against the estate of the driver of plaintiff's car. The testimony that defendant was going at 70 miles an hour was borne out by the nurse who attended the defendant at the hospital and who testified that he told her that he was driving at that rate of speed. A farmer who was 100 rods away at the time of the accident, but did not see the crash, heard the noise of defendant's car as it was proceeding southward. He stated that his attention was attracted to it because of the noise it made and that "it sounded just like a car going like the dickens." When the driver of a car is speeding at 70 miles an hour over the damp pavement of a narrow bridge only 16 feet 3 inches in width and with but a small margin of surface space remaining unoccupied when two cars almost six feet in width are abreast of one another, he is not proceeding with due

regard to the surface and width of the highway, traffic and other conditions. Defendant admitted that he did not slow up when he saw plaintiff's car coming and that he could not see that the road was any narrower on the bridge than any place else. There would be a natural tendency for drivers approaching a narrow bridge from a wider road to swing in towards the middle of the bridge. The driver of plaintiff's car naturally was confronted with a sudden peril and the law makes allowances for fright and lack of coolness and judgment under such circumstances. *Collins* v. *Hull,* 256 Mich. 507. In a case involving the same question under speed laws somewhat similar to those in Michigan, in *McNabb* v. *Dugas,* — La. App. — (142 South. 174), it was held that the speed of between 60 and 70 miles per hour at which defendant's car entered and went forward on a narrow bridge could with reasonable certainty have been held unlawful, imprudent and reckless. In *Theriot* v. *Fontenot,* — La. App. — (147 South. 725), under the same statute, the court held:

"There is no need for a party driving on this highway on coming to this bridge (16 feet wide and 82 feet long) and seeing another party coming who will meet him on the bridge to stop and wait for the other to pass so as to avoid meeting on the bridge. The bridge is wide enough for them to pass each other on it in safety, but they should, before entering on it, slow down to such speed and go forward with their automobiles under such control that each can keep safely to his side of the road."

In the instant case, moreover, as the pavement was damp, there was an increased burden upon the driver to drive slowly. *Russell* v. *Szczawinski,* 268 Mich. 112. Speed is not material unless it contributed to

the accident. *McConnell* v. *Elliott,* 242 Mich. 145; *Bernstein* v. *Brody,* 256 Mich. 512. The question of whether it did so contribute when supported by testimony is one for the jury. Proximate cause depends upon the particular facts in each case and when there is dispute as to the facts, it becomes a question for the jury. *Walter* v. *Railway Company,* 191 Mich. 181. The accident happened so quickly that it is quite natural that there is conflict in the testimony. However, with the testimony offered, and notwithstanding the fact that the witnesses for defendant outnumbered those for plaintiff, we do not believe the verdict was against the great preponderance of the evidence.

It is claimed the judge erred in his charge, particularly in his refusal to follow requests that amounted virtually to a repetition of testimony that had been given. It was not necessary for him to either repeat or dwell upon particular testimony in a charge that fairly and fully presented the issues.

The judgment is affirmed, with costs to the plaintiff.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, and POTTER, JJ., concurred. NELSON SHARPE and EDWARD M. SHARPE, JJ., did not sit.