PEMBOR v. MARCUS.

1. AUTOMOBILES—POSITION OF CARS AFTER ACCIDENT—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff in action arising out of collision between her eastbound automobile and defendants' westbound car was not against the great weight of the evidence because the cars, after the accident, were both on the north side of the road, as the position of the cars after a collision is not always indicative of the manner in which the collision occurred.

2. SAME—INSTRUCTIONS—REQUESTS TO CHARGE.

Charge to jury in automobile accident case which apprised jury of the matters in issue and, as a whole, was not prejudicially misleading or inaccurate will not be considered as affording grounds for reversal because of isolated paragraphs which may not be quite as clear as they could have been where no request to charge was made by defendants' attorneys.

3. DAMAGES—CAR REPAIRS—PERSONAL INJURIES—EXCESSIVE VERDICT.

> Verdict of $5,769.43 to plaintiff for damages suffered in an automobile accident *held*, excessive by $2,500 where it appears plaintiff expended only $408.01 for car repairs, help about the home after the accident, drugs, medicine and doctor's bills, car was reduced somewhat in value, and plaintiff suffered chest injury and two rib fractures from which she had largely recovered at time of trial some 14 months later and permanent injuries to right leg in which previously-existing varicose vein condition was considerably aggravated and, while not hospitalized, was confined to home and bed most of the time for three months.

4. COSTS—REMITTITUR—NEW TRIAL.

> Costs are awarded defendants on their appeal from judgment for $5,769.43 in action arising out of automobile collision where plaintiff is required to file a remittitur within 10 days or a new trial is granted.

Appeal from Benzie; Lamb (Fred S.), J. Submitted June 11, 1943. (Docket No. 70, Calendar No. 42,405.) Decided November 29, 1943.

Case by Esther Pembor against J. R. Marcus and Antoinette Brody Marcus for personal injuries sustained in an automobile accident. Cross declaration by Antoinette Brody Marcus against plaintiff for personal injuries sustained in the same accident. Verdict and judgment for plaintiff. Defendants appeal. Modified and affirmed.

*Campbell & Campbell,* for plaintiff.

*Robert B. Murchie,* for defendants.

NORTH, J. Upon trial by jury for damages resulting from an automobile accident, plaintiff obtained a verdict and judgment in the amount of $5,769.43. Recovery by defendant Antoinette Brody Marcus on her cross declaration was denied. De-

fendants' motion for new trial was denied and they have appealed.

The factual situation as presented by the respective parties is such that if both were correct, the accident could not have occurred. Plaintiff claims that on August 27, 1941, at about 6 or 6:30 p.m. she was driving her car in an easterly direction on a narrow, winding, and hilly dirt road running from Watervale to M-22 in Benzie county, at a speed of about 25 miles per hour. Plaintiff claims she was on the south side of the road when she saw defendants' car about 100 feet ahead of her, coming toward her, over a hill, at a rapid rate of speed and also on the south side of the road. Plaintiff testified that when she saw defendants' car, she realized a collision would occur, so she shut off the ignition of her car, and came to a complete stop within 10 feet and on the south edge of the road. While so stopped, plaintiff claims that the left front end of defendants' car struck the left front of plaintiff's car. And plaintiff's claim is that the front left bumper of defendants' car hooked onto the front left fender or portion of plaintiff's car and pulled the front end of plaintiff's car from the southerly side of the road to the northerly side of the road.

Defendant J. R. Marcus testified that as they approached the top of the hill, his car (herein designated as defendants' car) was being driven by Mrs. Marcus in a westerly direction at a speed of about 20 miles per hour and when Mrs. Marcus saw plaintiff's car coming toward her on the northerly side of the road, and about 50 feet away, she swung their car to her right, off the road and into the sand, into which the right front wheel of the car sank up to the hub. Defendants claim that while so "affixed" in the sand on the north side of the road, plaintiff's car ran into defendants' car.

If the testimony in behalf of both plaintiff and defendants were to be taken as true, the accident occurred when plaintiff's car was stopped on the south side of the road and defendants' car was stuck in the sand on the north side of the road! This aspect of the case is reminiscent of the admiralty suit in which two vessels were claimed to have had a head-on collision while each was moving backward.

In the course of the trial, both plaintiff and defendants or their respective witnesses testified as to tire marks on the road, the position of the cars after the impact, and to other matters incident to the accident. A short time after the accident and before the cars had been moved, a picture was taken showing defendants' car with about one-half its width off the north side of the road and plaintiff's car diagonally across the road with its left front end in contact with the left front end of defendants' car. The picture is photographically somewhat unsatisfactory and does not show tire marks on the road nor does it show the south side of the road. Although the picture was presented as evidence by plaintiff, defendants claim that it is positive evidence that their car was on its right (north) side of the road when the collision occurred, and they rely much on the picture as one of the principal grounds on which they assert that the verdict was against the great weight of the evidence. It must be admitted that the picture is persuasive in behalf of defendants. However, the jury viewed this picture, and also heard and was able to observe the manner in which each witness testified and to form its judgment of the respective witnesses.

It is a well-recognized rule that the position of cars after a collision is not always indicative of the manner in which the collision occurred. *Bates* v. *Franson,* 276 Mich. 79, 82; *Harding* v. *Blankenship,*

274 Mich. 118, 122. "Automobile accidents and collisions are attended by strange, unexpected, and apparently incredible results, which seem to defy the commonly-known laws of physics and their effects." *Prove* v. *Interstate Stages,* 250 Mich. 478, 489. On this record we cannot say the verdict for plaintiff was clearly against the weight of evidence.

Defendants claim that the court's charge to the jury was inaccurate and misleading, particularly as to the damages recoverable and the method of computing the same. It would serve no purpose to quote at length the charge of the court. While it is true that isolated paragraphs of the charge may not be quite as clear as they could have been, we are not convinced that the charge as a whole was prejudicially misleading or inaccurate. No request to charge was made by defendants' attorneys; and the charge as a whole apprised the jury of the matters in issue. Under such circumstances defendants should not now be too critical of the charge as given.

Defendants assert that the verdict in the amount of $5,769.43 was excessive. The evidence offered concerning plaintiff's damages and injuries gives credence to this claim. The actual moneys paid out by plaintiff are in the amount of $408.01, of which $223.01 was for towing and repairs to her automobile. $141 was expended for help about the home following the accident, $9 for drugs or medicine, and $35, doctor's bill. And plaintiff claimed that after her car was repaired, it was of less value than before, though to what extent is not very satisfactorily shown. Thus it appears that the jury allowed something in excess of $5,000 as damages for personal injuries, pain and suffering.

Plaintiff sustained injury to her chest. Two ribs were broken. From these injuries she had largely, if not wholly, recovered at the time of trial. Her

right leg was rather severely injured, though not broken. Previous to the accident plaintiff had varicose veins in this limb. This condition was considerably aggravated, and formation of a blood clot necessitated discontinuance of normal use of the limb for some time. It was sore and painful at the time of trial 14 months after the accident. Plaintiff's injured leg is larger than the other. Plaintiff's doctor testified that the injury to her limb, in his opinion, "is a permanent injury, and the leg will always be larger." She was not hospitalized, but from August 27, 1941, until about the following November 18th she was confined to her home and in bed most of the time. Loss of earnings is not here involved.

Under this record the verdict and judgment for upwards of $5,000 for plaintiff for injuries, pain and suffering was excessive; and unless plaintiff within 10 days after decision herein shall file with the clerk of the trial court a remittitur of $2,500 a new trial will be granted defendants. If the remittitur is filed, judgment in the circuit court for the minimized amount will be affirmed. Defendants will have costs of this court.

Boyles, C. J., and Chandler, Starr, Wiest, Butzel, Bushnell, and Sharpe, JJ., concurred.