### REED v. MARTIN.

HIGHWAYS—AUTOMOBILES—MOTOR VEHICLE LAW—NEGLIGENCE—
CONTRIBUTORY NEGLIGENCE—BICYCLES—LAW OF ROAD.

In an action for negligent injuries claimed to have resulted from the collision of a bicycle and an automobile, the owner of which was shown by undisputed evidence to have failed in complying with Act No. 196, Pub. Acts 1905, requiring the driver of a motor vehicle to keep to the right of street intersections in turning corners, while the bicyclist was claimed to have been negligent, under disputed testimony, in failing to avoid the accident, the questions of negligence and contributory negligence were questions of fact.

Error to Bay; Collins, J.  Submitted February 15, 1910.  (Docket No. 152.)  Decided March 5, 1910.

Case by William Reed against Joseph Martin for personal injuries.  A judgment for plaintiff is reviewed by defendant on writ of error.  Affirmed.

*L. P. Coumans* and *James Donnelly*, for appellant.

*S. G. Houghton*, for appellee.

MOORE, J.  The plaintiff recovered a judgment of $125

for injuries received by him in a collision with an automobile driven by defendant. The case is brought here by writ of error.

It is claimed a verdict should have been directed in favor of defendant, *first*, because it was not shown that the negligence of the defendant was the proximate cause of the injury; and, *second*, because plaintiff was guilty of contributory negligence. If these two claims were to be submitted to the jury at all, it is not claimed they were not fairly submitted. It was the claim of plaintiff that he was riding his bicycle north on Washington street, and was about to cross Tenth street, which crosses Washington street at right angles. At this time a wood wagon with a high box was on his left, and was also journeying north. It is his further claim that defendant came with his automobile from the north on Washington street, and, when he reached Tenth street, that instead of keeping to the right of the intersection of these streets as required by section 16, Act No. 196, of the Public Acts of 1905, he drove his machine diagonally southeast across these two streets, and that he drove his machine suddenly before the team of horses going north, and before plaintiff who claims he attempted to avoid any collision, but in spite of all his efforts the automobile collided with him and he was thrown from the wheel and injured. He claims his injury was caused by the negligence of defendant, and that he was free from negligence. Defendant admits he did not keep to the right of the intersection of these streets, but claims that plaintiff lost his head and his control of his bicycle, and that this was the cause of the accident.

The testimony was in dispute, and we think that each phase of the case presented a question of fact for the jury.

Judgment is affirmed.

HOOKER, MCALVAY, BROOKE, and STONE, JJ., concurred.