ESSENBERG *v.* ACHTERHOF.

1. MOTOR VEHICLES—WRONG SIDE OF HIGHWAY—CONTRIBUTORY NEG-
LIGENCE.
    One riding bicycle on right side of highway is not required to
    anticipate danger from vehicles traveling toward him on that
    side, but to some extent may rely on known fact that such
    vehicles usually do not travel there.

2. SAME—RIGHT TO ASSUME THAT DRIVER ON WRONG SIDE IS
LOOKING.
    If bicycle rider on right side of highway sees a vehicle coming
    toward him on wrong side, he has right to rely on assumption
    that driver will be looking and steer his car to right side and
    avoid collision.

3. SAME—FAILURE TO LOOK—NEGLIGENCE—QUESTION FOR JURY.
    Whether bicycle rider, who came onto highway from side road
    and proceeded on right side, where he had right to be, was
    guilty of contributory negligence in failing to look for ap-
    proaching vehicles on wrong side, *held,* question for jury,
    under circumstances.

4. SAME—SUBSEQUENT NEGLIGENCE—LAST CLEAR CHANCE.
    Whether, even if bicycle rider was guilty of negligence in pro-
    ceeding on highway without looking, automobile driver col-
    liding with him was guilty of subsequent negligence in driving
    on wrong side and failing to see bicycle rider approaching
    in plain view, *held,* properly submitted to jury.

5. TRIAL—REQUESTS TO CHARGE.
    There was no error in rejecting request to charge which was
    fairly covered by charge as given.

6. SAME—INAPPLICABLE CHARGE PROPERLY REJECTED—SUBSEQUENT
NEGLIGENCE.
    Defendants' request to charge in regard to plaintiff's right to
    recover for personal injuries was properly rejected, where it
    was inapplicable because it ignored effect of defendants'
    subsequent negligence, if any.

Liability for collision of automobile with bicyclist, see annota-
tion in 28 L. R. A. (N. S.) 944.

Error to Ottawa; Miles (Fred T.), J. Submitted January 9, 1931. (Docket No. 67, Calendar No. 35,273.) Decided June 5, 1931.

Case by Marvin Essenberg, by next friend, against Harry Achterhof and another, for personal injuries received in a collision between plaintiff's bicycle and defendants' automobile. Judgment for plaintiff. Defendants bring error. Affirmed.

*Carl E. Hoffman* and *Clare E. Hoffman* (*Leo W. Hoffman,* of counsel), for plaintiff.

*Dunham, Cholette & Allaben,* for defendants.

McDonald, J. This action was brought to recover damages for personal injuries received in collision with an automobile owned by defendants and operated by Harry Achterhof. The plaintiff and four other boys were riding bicycles on Twenty-ninth street, a dirt road in the outskirts of the city of Holland, Ottawa county, Michigan. Twenty-ninth street is a side street. · It connects with Michigan avenue, a main thoroughfare, but does not cross it. When it reaches Michigan avenue, it divides and branches off to the north and to the south. The plaintiff and his companions rode onto the north branch. He says that after riding about 27 feet, keeping close to his side of the highway, he collided with the defendants' automobile which was being driven on the wrong side of the road. It is admitted that he did not look for approaching vehicles and did not see defendants' car until it was only ten feet from him. The negligence charged against the defendants is that they were driving on the wrong side of the road, and that, though they saw or ought to have seen the plaintiff, they made no effort to avoid

the collision. The defendants have an entirely different version as to how the accident happened, but as their negligence concededly presents a jury question, it is not here necessary to make further reference to their claim.

Three questions are involved:

1. Did the court err in refusing to direct a verdict in defendants' favor on the ground that the plaintiff was guilty of contributory negligence as a matter of law?

2. Did the court err in submitting the question of gross negligence to the jury?

3. Did the court err in refusing to give certain of defendants' requests to charge?

1. Important in discussing the question of contributory negligence is the fact that, at the time of the accident, the plaintiff was riding where he had a lawful right to ride, and that defendants were driving where they had no right to drive. The plaintiff was not required to anticipate danger from vehicles traveling toward him on that side of the road. To some extent, at least, he had a right to rely on the known fact that they usually did not travel there. Naturally, he would not expect to meet automobiles where the law of the road does not permit them to travel. But if he had looked, he would have had the right to rely on the assumption that defendants also would be looking and would steer their car to their own side of the road to avoid hitting him. These were matters for the jury to consider in determining whether his failure to look for approaching vehicles was negligence. In these circumstances, it cannot be said that he was guilty of contributory negligence as a matter of law. It was a question for the jury. *Dier* v. *Voorhees,* 200 Mich. 510; *Leary* v. *Fisher,* 248 Mich. 574; *Dreyfus* v. *Daronco,* 253 Mich. 235.

2. Did the court err in submitting the plaintiff's claim of gross negligence? This may more properly be termed subsequent negligence.

If there was such negligence in this case, it was because of the failure of the defendants to use ordinary care to avoid the accident after they ought to have discovered the peril of the plaintiff. He traveled about 27 feet toward them on Michigan avenue before the collision. He was in plain view all the time. They say they were driving 15 miles an hour and could have brought their car to a stop in the space of six feet. If they had looked, they would have seen him in a perilous position, and would have had time and space in which to stop or turn to the right and thus have avoided the accident, and, if his negligence had then ceased and they could have avoided the accident by doing so, their neglect in this respect might well have been found to be the proximate cause of plaintiff's injury. These facts taken from the case made by the plaintiff justified the trial court in submitting to the jury the question of subsequent negligence. *Kelley* v. *Keller*, 211 Mich. 404 (20 N. C. C. A. 228); *Gibbard* v. *Cursan*, 225 Mich. 311.

3. Did the court err in refusing to submit the following of defendants' requests to charge:

"4. I instruct you further that one operating a motor vehicle or bicycle upon the highways owes a duty to look ahead and see what is in plain sight. * * *

"8. I instruct you further that even though you should find from the evidence that the defendants were on the wrong side of the road, if the plaintiff, by the exercise of due care could have seen them and if, after seeing the defendants on the wrong side of the road, the plaintiff could have avoided

the accident by the exercise of due care, if he failed to do so, then the plaintiff would be guilty of contributory negligence and could not recover.''

The first of these requests was fairly covered by the charge as given from which we quote the following:

''Each person is charged with seeing what'is in plain sight and that it could be seen if they had looked. If Marvin could have avoided the accident by the use of due care, he cannot recover in this case.''

The other request is a correct statement of the law so far as it goes, but it is not applicable in this case because it ignores the effect of subsequent negligence on the plaintiff's right to recover.

We find no reversible error. The judgment is affirmed, with costs to the plaintiff.

BUTZEL, C. J., and WIEST, SHARPE, NORTH, and FEAD, JJ., concurred with McDONALD, J. CLARK and POTTER, JJ., concurred in the result.