REETZ v. SCHEMANSKY.

1. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—LIGHTS ON EXPRESS WAGONS.

In action against motorist who overtook and struck rear end of small express wagon drawn by pedestrian on the dry pavement of a four-lane, one-way, well-lighted street at 11:30 p. m. on a clear night in the middle of January and while there was no traffic ahead of defendant, question of whether there was a causal relation between plaintiff's failure to have a light upon his express wagon and injury sustained when he fell as wagon was shoved forward, *held*, question of fact.

2. SAME—NEGLIGENCE OF MOTORIST—PEDESTRIANS.

Motorist who drove car at speed of 25 miles an hour down center of four-lane, one-way, well-lighted street at 11:30 p. m. on a clear night in the middle of January while he was tired and sleepy *held*, negligent, in action by pedestrian for injuries sustained when defendant, who did not see plaintiff, shoved plaintiff's small unlighted express wagon into him.

3. DAMAGES—MUSICIAN—PAIN AND SUFFERING.

Judgment of $1,000 to musician who still suffered severe headaches, was unable to play his instrument in band, and suffered dizzy spells at time of trial nearly four months after accident *held*, not excessive.

4. APPEAL AND ERROR—DAMAGES—PAIN AND SUFFERING—PREJUDICE
—SYMPATHY.

> Amount of damages allowed for pain and suffering must rest in
> the sound judgment of the trier of facts and Supreme Court
> does not substitute its judgment on such question unless amount
> allowed has been secured by improper methods, prejudice or
> sympathy or is so large as to shock the conscience of the court.

5. AUTOMOBILES—LIGHTS—SMALL HAND-DRAWN EXPRESS WAGONS—
STATUTES.

> Statute requiring that lights be displayed on devices ''in, upon
> or by which any person or property is or may be transported
> or drawn upon a public highway'' at night *held,* inapplicable
> to small hand-drawn express wagon in view of clarifying ex-
> emption of ''devices moved by human power'' in another stat-
> ute somewhat in the same field (1 Comp. Laws 1929, § 4693,
> § 4736, as amended by Act No. 64, Pub. Acts 1931; Act No.
> 91, § 1, Pub. Acts 1931).

6. STATUTES—CONSTRUCTION.

> In giving construction to statutes, words are to be taken and
> construed in the sense in which they are understood in com-
> mon language, taking into consideration the text and subject-
> matter relative to which they are employed.

Appeal from Wayne; Nicol (Henry G.), J. Sub-
mitted October 7, 1936. (Docket No. 46, Calendar
No. 39,103.) Decided January 4, 1937.

Case by Bernard Reetz against Irving C. Sche-
mansky for personal injuries sustained when he was
hit by defendant's automobile. Judgment for plain-
tiff. Defendant appeals. Affirmed.

*Nicholas J. Rothe* and *Frank C. Rommeck,* for
plaintiff.

*Leo H. Robb,* for defendant.

SHARPE, J. On January 15, 1936, at about 11:30
p. m., plaintiff was walking in an easterly direction
on a boulevard in the city of Detroit known as Outer

Drive. This boulevard is a hard-surface highway
containing space for four lanes of traffic in each
direction with a parkway in the center separating
the east and west bound traffic. At the time above
stated, the weather was fair, the pavement dry and
the street lighted with boulevard lights. Plaintiff
was walking on the south half of the boulevard pull-
ing a small express wagon upon which he had three
rugs. The express wagon was three or four feet
wide, about three feet long and from 18 inches to
two feet in height. There was no light of any kind
on the wagon.

The record shows that the defendant was driving
his automobile in the center lane of the highway in
an easterly direction, overtook plaintiff's wagon,
shoved it forward into the plaintiff causing him to
fall to the pavement; that on the evening of the
accident, defendant had worked late in his office
and was somewhat sleepy when the accident oc-
curred; that immediately prior to the accident de-
fendant was driving at an ordinary rate of speed,
with head lights burning on what is known as the
down beam; and that when he saw plaintiff it was
too late to avoid the accident. After the accident,
plaintiff was taken to the hospital, remained there
over night and was taken home the next day. Plain-
tiff is 67 years of age and a musician. He played
in some band concerts during the year 1935 for which
he received wages at the rate of $35 per week.

The cause was tried before the court without a
jury. The court found for the plaintiff in the sum
of $1,000 and judgment was entered thereon. De-
fendant appeals and contends that plaintiff was
guilty of contributory negligence as a matter of law
in his failure to display a light on the express wagon
in violation of 1 Comp. Laws 1929, § 4736, as

amended by Act No. 64, Pub. Acts 1931, and a similar ordinance of the city of Detroit.

In *Korstange* v. *Kroeze,* 261 Mich. 298, we said:

"No statute required plaintiff to walk upon any particular part of the pavement, and he had a legal right to walk on any part thereof, exercising, however, the care of a reasonably prudent man for his own protection and preservation."

In *Hanser* v. *Youngs,* 212 Mich. 508, the court said:

"But there must be some causal connection between the accident and the want of a tail light in order to make the negligence contributory. In *Graham* v. *Hagmann,* 270 Ill. 252 (110 N. E. 337), it was said:

" 'The mere fact that defendant in error was riding in the vehicle without such a light did not render him guilty of such contributory negligence as would bar his cause of action, unless the omission of such light in some way proximately contributed to the accident in which he was injured.' "

In *Gleason* v. *Lowe,* 232 Mich. 300, Mr. Justice WIEST said:

"The statute, in fixing the time for displaying a light as one hour after sunset sets a known time, regardless of darkness or weather conditions. If the collision was one hour after sunset plaintiff was driving in violation of the statute and was guilty of negligence *per se.* Such disobedience, however, to have bearing in the nature of contributory negligence, in an action by the offender against one causing him an injury, must contribute to the injury. *Syneszewski* v. *Schmidt,* 153 Mich. 438; *Spencer* v. *Phillips & Taylor,* 219 Mich. 353; *Beebe* v. *Hannett,* 224 Mich. 88. It was a question of fact for the jury whether there was any causal connection between the statutory violation of plaintiff and the injury

occasioned by defendant. *Arvo* v. *Delta Hardware Co.*, 231 Mich. 488.''

See, also, *Budnick* v. *Peterson*, 215 Mich. 678; *Graham* v. *Evening Press Co.*, 135 Mich. 298; *Stevenson* v. *United States Express Co.*, 221 Pa. 59 (70 Atl. 275, 128 Am. St. Rep. 725); and 20 A. L. R. 1433 and cases cited therein.

The street upon which this accident occurred was wide enough for four cars to travel abreast; the pavement was dry; the weather was clear; there was no traffic upon the street ahead of defendant; and the street was lighted sufficiently so that plaintiff could see objects in the street for a distance of two blocks. Under such conditions we think that the question of causal relation between plaintiff's failure to have a light upon his express wagon and the injury which he sustained is one of fact.

We think there can be no question about defendant's negligence. He drove a car down a main thoroughfare in the night time, at a rate of speed of 25 miles per hour, while he was tired and sleepy; and he did not see plaintiff until the car was almost upon him.

Defendant also contends that the amount of damages assessed by the court is excessive. We do not think so. Plaintiff was injured January 15, 1936; and at the date of the trial, May 4, 1936, he was still complaining of severe headaches, of his inability to play his musical instrument in a band, and of frequent dizzy spells. Upon other occasions we have said that the amount of damages allowed for pain and suffering must rest in the sound judgment of the trier of facts, nor do we substitute our judgment on such questions unless a verdict has been secured by improper methods, prejudice or sympathy or is so large as to shock the conscience of the court.

The judgment of the lower court is affirmed. Plaintiff may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, and BUSHNELL, JJ., concurred with SHARPE, J.

NORTH, J. I concur in affirmance; but lest our decision may be misconstrued and misapplied, I think we should pass upon the squarely raised question as to whether the statute requiring lights on vehicles (1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931) is applicable to plaintiff's small hand-drawn express wagon. We should hold that it does not apply.

"In giving construction to such statutes, words are to be taken and construed in the sense in which they are understood in common language, taking into consideration the text and subject-matter relative to which they are employed." *Stocin* v. *C. R. Wilson Body Co.,* 205 Mich. 1.

It seems too clear for argument that the legislature never intended the provisions of the motor vehicle act should apply to small hand-drawn express wagons. The act defines a vehicle as:

"Every device in, upon or by which any person or property is or may be transported or drawn upon a public highway, excepting devices used exclusively upon stationary rails or tracks." 1 Comp. Laws 1929, § 4693.

In using the expression "transported or drawn upon a public highway" there is a fair inference that little hand-drawn express wagons were not within the minds of the legislators in passing this act * for the regulation of transportation of persons and property upon the public highways. Otherwise

* 1 Comp. Laws 1929, § 4693.—REPORTER,

it would be necessary to hold that every baby carriage when being pushed across a street is a "vehicle" within the statutory definition. It would follow that every such baby carriage or small hand-drawn express wagon would be required by the statute to be equipped with at least one headlight and a tail light. It may be also noted in some other statutory enactments somewhat in the same field, the legislature expressly, and seemingly for clarification, exempted from its definition of vehicle "devices moved by human power." Act No. 91, § 1, Pub. Acts 1931.

A fair construction of the motor vehicle law leads to the conclusion that 1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931, is not applicable to such small hand-drawn express wagons as the one involved in the instant case.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred with NORTH, J. TOY, J. took no part in this decision. POTTER, J., did not sit.