### BROWN v. TANNER.

1. Automobiles—Bicycles—Intersections — Contributory Negligence—Question for Jury.

Whether or not. bicyclist who was traveling north on proper side of street at 6:35 p. m. on last day of September was guilty of contributory negligence in failing to see motorist who had been traveling south, made left turn and struck plaintiff after he had crossed center line of intersecting street *held*, question for jury for even had plaintiff observed motorist he would not have been bound to anticipate latter would violate statute and turn left before reaching center of intersection and strike plaintiff north of center of intersecting street (1 Comp. Laws 1929, § 4710).

2. Same—Bicycles—Lights—Contributory Negligence—Question for Jury.

Whether or not failure of bicyclist to equip his bicycle with a light as required by statute was a contributory cause to accident north of center of street intersecting one on which he was riding north and motorist had traveled south and made left turn at 6:35 p. m. on September 30th *held*, question for jury, where pavement was dry, intersection was well lighted and visibility good (1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931).

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 10, 1937. (Docket No. 60, Calendar No. 39,569.) Decided September 1, 1937.

Case by Raymond Brown, an infant, by his next friend, Grace Brown, against Paul V. Tanner, for damages for personal injuries sustained by plaintiff's ward while riding a bicycle when struck by an automobile. Verdict for plaintiff. Judgment for

defendant *non obstante veredicto.* Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Vincent D. Ryan,* for plaintiff.

*Stockton, Cline & George,* for defendant.

CHANDLER, J.   Plaintiff, an infant suing by his next friend, at about the hour of 6:35 p. m. on the evening of September 30, 1935, was riding his bicycle north on Lapeer street in the city of Flint.   Lapeer street is approximately 30 feet in width and is intersected by Belmont street which is slightly narrower and runs east and west.

Plaintiff was propelling his bicycle an estimated distance of two feet east of the east line of Lapeer street and as he entered the intersection of Lapeer and Belmont, defendant approached from the north on Lapeer in his automobile.   The record does not speak with force as to the exact point of impact but it is apparent that plaintiff was struck by defendant's car after he (plaintiff) had crossed north of the center line of Belmont street, defendant at the time attempting to turn to the left on to Belmont. In making said turn defendant failed to comply with the provisions of 1 Comp. Laws 1929, § 4710.   Neither did he sound his horn nor signal his intention to turn.   On the other hand, plaintiff's bicycle was not equipped with a light.   1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931.

At the time of the accident the pavement was dry, the intersection was well lighted and the visibility good.   Neither plaintiff nor defendant saw each other prior to the impact.

Plaintiff appeals from a judgment *non obstante veredicto.*

The opinion of the trial court denies plaintiff recovery for his injuries for the stated reason that he was guilty of contributory negligence in that he failed to see defendant's car and on the further ground that he was violating the provisions of the statute in operating his bicycle without the required light.

Plaintiff was proceeding upon the street in a place where he had a lawful right to be. The intersection was well lighted and there were no vehicles present in the immediate vicinity other than defendant's car. Although plaintiff could undoubtedly have seen defendant had he looked we are unable to say that he was guilty of contributory negligence as a matter of law for his failure to do so. Even had he looked and seen defendant he would not have been bound to anticipate that the latter would turn to the left before reaching the center of the intersection and strike plaintiff at the point where the accident occurred. Whether or not plaintiff was guilty of contributory negligence on this point was a question for the jury under all the facts and circumstances. See *Reed* v. *Martin,* 160 Mich. 253; *Black* v. *Parke Davis & Co.,* 211 Mich. 274; *Essenberg* v. *Achterhof,* 255 Mich. 55.

We are also of the opinion that it was a question for the jury to determine if plaintiff's failure to comply with the provisions of the statute requiring his bicycle to be equipped with a light was a contributing cause of the accident. *Beebe* v. *Hannett,* 224 Mich. 88; *Gleason* v. *Lowe,* 232 Mich. 300.

Reversed and remanded for entry of judgment on the verdict, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.