ERTZBISCHOFF *v.* SMITH.

1. AUTOMOBILES — BICYCLES — CONTRIBUTORY NEGLIGENCE — CONTRADICTORY TESTIMONY.

In action by administrator of estate of 16-year old bicyclist who died as a result of injuries received in collision with defendant's car, plaintiff's decedent could not be charged with contributory negligence as a matter of law on ground decedent rode head-on into defendant's car where testimony on such matter is in dispute.

2. SAME—BICYCLES—LIGHTS—STATUTES—PROXIMATE CAUSE.

Recovery by administrator of estate of bicyclist whose bicycle was not equipped with lights as required by statute when he was fatally injured by collision with defendant's automobile would not be precluded unless absence of bicycle lights was a proximate cause of the accident (1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931).

3. SAME — BICYCLES — HEADLIGHTS — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.

Whether or not failure to have a lighted headlight on bicycle contributed to accident with defendant's car at 9 p. m. in mid September *held*, question for jury under evidence permitting it to find that bicycle was being ridden at such an angle in front of defendant it would not have been visible to defendant had the headlight been lighted (1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931).

4. APPEAL AND ERROR—BICYCLE LIGHTS—REQUEST TO CHARGE—INSTRUCTIONS.

Failure of trial judge to inform jury as to distance at which statute requires a front light on bicycle to be visible *held*, prejudicial error in view of defendant's request to charge setting forth statute and charge as given permitted jury to underestimate distance at which light is required to be visible (1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931).

5. SAME—REVERSIBLE ERROR—MISCARRIAGE OF JUSTICE.

> Statute providing that "no judgment or verdict shall be set aside or reversed, or a new trial be granted by any court in any civil case, on the ground of misdirection of the jury,   *   *   *   unless in the opinion of the court, after an examination of the entire cause it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice" does not preclude reversal where error complained of is prejudicial to the complaining party (3 Comp. Laws 1929, § 15518).

6. NEGLIGENCE—SUBSEQUENT NEGLIGENCE—TRAFFIC FROM OPPOSITE DIRECTIONS.

> Theory of subsequent negligence may not be invoked where by time bicyclist had ridden to place of peril from either defendant's car or traffic approaching from opposite direction, defendant motorist must have been so close to decedent that he could no longer have avoided the accident by the use of due care.

Appeal from Wayne; Gordon (Arthur E.), J., presiding. Submitted June 14, 1938. (Docket No. 96, Calendar No. 40,144.) Decided November 10, 1938.

Separate cases by Edmund Ertzbischoff, administrator of the estate of John Ertzbischoff, deceased, and Edmund Ertzbischoff, individually, against David B. Smith for damages for death of plaintiff's decedent caused by injuries sustained when struck by an automobile while riding a bicycle. Cases consolidated for trial. Verdicts and judgments for plaintiff. Defendant appeals in case of Edmund Ertzbischoff, as administrator. Reversed and new trial granted.

*William J. McBrearty* and *Lewis B. Daniels,* for plaintiff.

*Mason, Davidson & Mansfield* (*Carl F. Davidson,* of counsel), for defendant.

BUSHNELL, J.  Defendant appeals from a judgment, entered upon the verdict of a jury, in an action arising out of a collision, in the city of Detroit, between an automobile driven by defendant and a bicycle ridden by plaintiff's decedent.  In the course of the trial the parties referred to the Seven Mile road as running in a northerly and southerly direction and Gratiot avenue as running in an easterly and westerly direction, although, according to the map attached to the record, these are not the true directions of the streets.  However, we will adhere to the directions used by counsel and witnesses.

Seven Mile road is a paved highway 40 feet wide; Gratiot avenue is a paved intersecting thoroughfare 92 feet wide from curb to curb, with a double car track in the center.

About 9 p. m. on September 14, 1936, plaintiff's decedent, a boy 16 years of age, was riding his bicycle easterly on Gratiot avenue, a short distance beyond the intersection of Seven Mile road, 7 or 8 feet from the southerly curb line of Gratiot avenue. About a half block east of Seven Mile road the eastbound street car tracks curve to the right and run on a loop into vacant land, and then into Maddelein street, and meet the west-bound tracks on Gratiot avenue about a half block east of the first curve. Somewhere between the two curves decedent turned to his left.  Shortly before this happened, defendant, who had been traveling southerly on Seven Mile road, made a left turn into Gratiot avenue and proceeded in an easterly direction between 20 and 30 miles per hour.  Either in making the turn to the left or while proceeding westerly on the easterly lane of Gratiot avenue, after completing a U turn, decedent was struck by defendant's car.  There were no lights on the bicycle.  Decedent was so severely injured that he lived only about five hours after the accident.

At the close of plaintiff's testimony, defendant made a motion for directed verdict on the grounds that there was no showing of negligence on the part of defendant and, even if such negligence was shown, plaintiff failed to show that it was the proximate cause of decedent's death; that decedent was guilty of contributory negligence as a matter of law in riding his bicycle into the path of defendant's car and in operating his bicycle without lights in violation of the statute. This motion was denied. It was renewed at the close of defendant's testimony and again denied. The court also denied defendant's motion for a new trial.

Defendant now claims that plaintiff's decedent was guilty of contributory negligence as a matter of law; that the court erred in refusing to give one of defendant's requests to charge and in submitting to the jury the question of subsequent negligence. Appellant also claims that the court erred in its charge on subsequent negligence, and in defining ordinary negligence and subsequent negligence as interrelated theories.

Appellee says the last proposition was not raised before the trial court and, therefore, should not be considered upon appeal.

Was plaintiff's decedent guilty of contributory negligence as a matter of law?

Appellant argued below that plaintiff's decedent was guilty of contributory negligence as a matter of law in riding his bicycle into the path of defendant's car. However, this proposition is not argued in defendant's brief on appeal except for some irrelevant discussion of the question of burden of proof on the matter of contributory negligence. Appellant's argument in his brief is summarized in the following statement:

"The act of riding a bicycle on the wrong side of the road and without a headlight was negligence *per se.*"

The testimony is disputed as to whether plaintiff's decedent had completed a U-turn and was riding his bicycle on the wrong side of the road when struck. One witness who testified for plaintiff was at the time of the accident seated in his car on Maddelein street, about four feet from the south curb line of Gratiot avenue, waiting to drive into the latter street. This witness saw the boy before the latter made his turn and observed him until the accident occurred. He said that the boy looked back over his left shoulder before turning his bicycle. He also observed defendant's car when it started to come east on Gratiot at Seven Mile road and estimated that the boy, before turning, was 100 to 125 feet ahead of defendant's car. According to this witness the boy turned to the left, and, when struck, was proceeding in a straight line across Gratiot in a northeasterly direction. This testimony was contradicted by another witness, Violet Pare, who was riding westerly on Gratiot avenue near the scene of the accident in a car driven by her husband. It was her opinion that the boy was angling toward the car tracks so that she felt there was some danger of him running into the car in which she was riding, but that, instead, he completed a U or horseshoe turn and rode head-on into defendant's automobile. Defendant said he did not see the boy at any time until he was 12 or 15 feet from him and that, the first time he saw him, the boy was coming head-on into his car. In view of this conflict in the testimony, we cannot say that plaintiff's decedent rode head-on into the car and, therefore, cannot charge him in this particular with contributory negligence as a matter of law.

So far as the absence of a lighted headlight on the bicycle is concerned, the violation of 1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 4736, Stat. Ann. § 9.1604), hereinafter quoted, would not preclude recovery unless it was a proximate cause of the accident. *Beebe* v. *Hannett*, 224 Mich. 88, and *Arvo* v. *Delta Hardware Co.*, 231 Mich. 488. See, also, *Reetz* v. *Schemansky*, 278 Mich. 626. The jury could have believed the testimony that the decedent, when struck, was riding on an angle in front of the defendant and could have concluded, therefore, that, even if the bicycle had been equipped with a headlight, it would not have been visible to defendant. The question as to whether failure to have a lighted headlight contributed to the accident was one for the jury. *Arvo* v. *Delta Hardware Co., supra.*

Defendant requested the court to charge the jury as follows:

"I further charge you that if you find the bicycle was not equipped with lights in accordance with the State law, namely, 1 Comp. Laws 1929, § 4736:

" '(g) Lamps on bicycles. Every bicycle shall be equipped with a lighted white lamp on the front thereof visible under normal atmospheric conditions from a distance of at least three hundred feet in front of such bicycle and shall also be equipped with a reflex mirror reflector or lamp on the rear exhibiting a red light visible under like conditions from a distance of at least two hundred feet to the rear of such bicycle,'

then I charge you the plaintiff's decedent is guilty of negligence as a matter of law and if said negligence contributed to the plaintiff's decedent's death in any manner then your verdict must be no cause of action."

The court, however, charged the jury as follows:

"It is provided in the Michigan statutes that bicycles must be equipped with a light in the front and a light or a reflex mirror reflector,—which is a little disc which apparently lights up when the automobile

headlights shine on it,—on the rear, exhibiting a red
light from at least,—visible from at least 200 feet to
the rear.

"It is a rule of law that violation of a statute is
negligence, provided there is any causal connection
between this violation and the happening of the acci-
dent,—that is to say, the fact of the violation of a
law, was a cause to the happening of the accident.

"It is therefore a matter of fact for you to deter-
mine whether or not the bicycle was properly lighted
or equipped, and if not, whether or not this lack con-
tributed to the happening of the accident."

The failure of the trial judge to inform the jury as
to the distance at which the statute requires a front
light on a bicycle to be visible was prejudicial error.
Even if the jury believed plaintiff's version of the
accident, it might have found, had it been correctly
instructed, that the accident would not have hap-
pened if decedent's bicycle had been equipped with
a proper light. Under the instruction as given, the
jury might have underestimated the distance at
which the light is required to be visible, and, for this
reason, have found that the absence of a light did not
contribute to the accident.

Appellee urges that, in view of the provisions of
3 Comp. Laws 1929, § 15518 (Stat. Ann. § 27.2618)
which reads: "No judgment or verdict shall be set
aside or reversed, or a new trial be granted by any
court in any civil case, on the ground of misdirection
of the jury, or the improper admission or rejection
of evidence, or for error as to any matter of plead-
ing or procedure, unless in the opinion of the court,
after an examination of the entire cause it shall af-
firmatively appear that the error complained of has
resulted in a miscarriage of justice," the judgment
should not be reversed. This statute does not pre-
clude reversal where the error complained of is

prejudicial to the complaining party. See *Flannigan* v. *Harder,* 268 Mich. 564.

Although the error discussed above is sufficient to require a reversal of the judgment and the granting of a new trial, it is advisable to discuss another claimed error. Under the facts of this case there was no room for the application of the doctrine of subsequent negligence and the trial court erred in instructing the jury that this question was involved. Appellee argues that, after decedent had ridden into the path of defendant's automobile, he was in a position of peril, particularly because of the proximity of the Pare automobile on the other side of Gratiot avenue, and that decedent was not negligent thereafter in failing to escape the danger in which he was placed. Notwithstanding this argument, the fact is that, by the time decedent had ridden close to or in front of defendant's automobile and into the perilous position above described, defendant must have been so close to decedent that he could no longer have avoided the accident by the use of due care. Under such circumstances, the theory of subsequent negligence may not be invoked. *Rosenfeld* v. *City of Detroit,* 274 Mich. 650.

In view of the foregoing, it is unnecessary to discuss appellant's claim that the court erred in its charge on subsequent negligence and in defining the elements of ordinary negligence and subsequent negligence as interrelated theories, as it is unlikely that these questions will arise on the new trial.

The judgment is reversed, with costs to appellant, and a new trial is granted.

WIEST, C. J., and SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred. BUTZEL, J., took no part in this decision.