## SUAREZ v. KATON.

1. AUTOMOBILES—LEFT TURN IN MIDDLE OF CITY BLOCK.

   Motorist who decided to turn left near the middle of a city block and cross the street directly into the path of westbound traffic had duty first to make proper observation and ascertain if he could safely make such turn and crossing (1 Comp. Laws 1929, § 4711[a]).

2. SAME—ATMOSPHERIC CONDITIONS—CARE REQUIRED.

   Motorist driving on city street at night as it was raining or misting had duty of exercising greater care and caution because of street conditions and poor visibility.

3. SAME—LEFT TURN IN MIDDLE OF CITY BLOCK—NEGLIGENCE—EVIDENCE.

   In motorcyclist's action against owner and operator of automobile which made left turn in middle of city block on a rainy or misty night, evidence *held*, sufficient to support trial court's conclusion that motorist was guilty of negligence (1 Comp. Laws 1929, § 4711[a]).

4. SAME—MOTORCYCLES—NEGLIGENCE PER SE—PROXIMATE CAUSE.

   Motorcyclist's violation of statute prohibiting the carrying of more persons at one time than the number for which the machine is designed and equipped is negligence *per se*, but to preclude recovery by motorcyclist for injuries sustained in collision with an automobile such negligence must be shown to be a contributing cause of the accident (Act No. 318, § 34b, subd. [b], Pub. Acts 1927, as added by Act No. 318, Pub. Acts 1939).

5. SAME—MOTORCYCLES—PASSENGERS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF THE FACTS.

   Whether or not motorcyclist's carrying of passenger on his machine in violation of statute because machine was not equipped to do so was a contributing cause of collision with defendant's automobile *held*, for trier of the facts (Act No.

For rule as to violation of statute as contributory negligence, see 2 Restatement, Torts, § 469.

Plaintiff's acting in an emergency is to be considered in determining the question of contributory negligence, see 2 Restatement, Torts, § 470.

For necessity of causal relationship between plaintiff's negligence and his injury to prevent recovery, see 2 Restatement, Torts, § 465.

For legislative enactments as creating standards of duty, see 2 Restatement, Torts, § 285, and for defendant's violation thereof as creating civil liability, see 2 Restatement, Torts, § 286.

318, § 34b, subd. [b], Pub. Acts 1927, as added by Act No. 318, Pub. Acts 1939).

6. SAME — MOTORCYCLES — CONTRIBUTORY NEGLIGENCE — STOPPING — QUESTION FOR TRIER OF FACTS.

In motorcyclist's action against motorist making left turn in middle of city block for injuries sustained in collision on plaintiff's side of street on a rainy or misty night, whether or not plaintiff was guilty of contributory negligence in failing to see defendants' car in time or in failing to stop motorcycle in time to avoid the accident *held*, a question of fact and not of law.

7. SAME—MOTORCYCLES—SUDDEN EMERGENCY—STANDARD OF CARE.

In motorcyclist's action for injuries sustained in collision with defendants' car which had made a left turn in middle of city block on a rainy or misty night, the plaintiff's acts in such emergency would not be judged by ordinary standards of due care.

8. SAME—MOTORCYCLES—SUDDEN EMERGENCY—CONTRIBUTORY NEGLIGENCE.

In motorcyclist's action for injuries against motorist who made a left turn in the middle of a city block on a rainy or misty night, some allowance must be made, in ascertaining whether or not plaintiff was guilty of contributory negligence, for time required for the requisite mental and physical operations in such an emergency, and contributory negligence ought not to be charged against him on any strict mathematical calculation of time, distance, and rate of speed.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 6, 1941. (Docket No. 35, Calendar No. 41,565.) Decided September 2, 1941.

Case by Rafael Suarez against Fred C. Katon, Jr., by Fred C. Katon, Sr., guardian *ad litem,* and Fred C. Katon, Sr., for injuries resulting from automobile collision with plaintiff's motorcycle. Judgment for plaintiff. Defendants appeal. Affirmed.

*Edward F. Conlin, Jack J. Kraizman,* and *Burke & Burke,* for plaintiff.

*Frank B. DeVine* and *Claude S. Rogers,* for defendants.

STARR, J.   This is an action to recover damages for personal injuries resulting from a collision between a motorcycle owned and driven by plaintiff and an automobile owned by defendant Fred C. Katon, Sr., and with his consent driven by his 15-year-old son, defendant Fred C. Katon, Jr.

The accident occurred about 10 o'clock in the evening of April 10, 1940, on East Michigan avenue, also known as highway US-112, a six-lane paved street, 66 feet wide, running east and west in the city of Ypsilanti. The street was well lighted, but visibility was poor, as it was raining or misting.

Plaintiff, 21 years old, was driving his one-passenger, single-seated motorcycle west on the north side of the street, at a speed of 15 to 20 miles an hour. Plaintiff had as a passenger 16-year-old Herman Vitale, who was sitting on about the rear one-third of the single seat. Plaintiff was sitting on about the front two-thirds of the seat. It is admitted that carrying such passenger on a single-seated motorcycle, designed for one person, was in violation of Act No. 318, § 34b, subd. (b), Pub. Acts 1927, as added by Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4726-2, subd. [b]; Stat. Ann. § 9.1594[2], subd. [b]).

Defendant Fred C. Katon, Jr., was driving a Ford two-door sedan east on the south side of the street. In order to go to a store, known as Miller's Dairy, located near the middle of the block on the north side of the street, defendant driver turned to his left and drove north across the street, at a slight angle, into the westbound traffic lanes, at a speed variously estimated at from 10 to 30 miles an hour. Defendant driver intended to drive into an open parking space on the west side of Miller's Dairy. The dual windshield wipers on defendants' car were in opera-

tion, and the window in the right-hand door was closed.

Both drivers were familiar with the street, and apparently there was no other traffic interfering with them or contributing to the cause of the accident. At a point near Miller's Dairy, and about three feet from the north side of the street, plaintiff's motorcycle and defendants' car collided, the motorcycle striking the right side of the car, causing damage of about $180 to the car and wrecking the front end of the motorcycle. Plaintiff was severely injured and, although he was present in court at the trial, he was not called as a witness, and medical testimony indicated he was unable to testify. Defendant driver and the passenger on the motorcycle were not seriously injured.

At the conclusion of the trial, without jury, the court found defendants guilty of negligence and plaintiff free from contributory negligence, and assessed plaintiff's damages at $4,500. On August 13, 1940, judgment for such amount was entered against both defendants. Motion in arrest of judgment and for new trial was denied, and both defendants appeal.

On this appeal defendants contend: (1) that plaintiff failed to prove by a preponderance of the evidence that defendants were guilty of negligence which caused the injuries complained of; (2) that plaintiff was guilty of contributory negligence as a matter of law; (3) that plaintiff failed to prove by a preponderance of the evidence that he was free from contributory negligence; and (4) that the judgment of the trial court was against the great weight of the evidence. Defendants do not challenge the amount of the judgment as being excessive.

Section 4711, 1 Comp. Laws 1929 (Stat. Ann. § 9.1579), provides in part:

"(a) The driver of any vehicle upon a highway before starting, stopping or turning from a direct line shall first see that such movement can be made in safety and shall give a signal as required in this section."

When defendant driver, going east, decided to turn north near the middle of the block and cross the street directly into the path of westbound traffic, it was his duty first to make proper observation and ascertain if he could safely make such turn and crossing. His own testimony shows he failed to make such observation and, therefore, failed to see plaintiff approaching from the east. Under the existing weather and street conditions and with visibility poor, it was defendant driver's duty to exercise greater care and caution. In *Russell* v. *Szczawinski*, 268 Mich. 112, 115, we said:

"If it was foggy or misty so that plaintiff's vision was bad or obscured, the duty was incumbent upon him to exercise greater care and caution."

See, also, *Harding* v. *Blankenship*, 274 Mich. 118.

We need to go no further than defendant driver's own testimony, which we quote in part, to find support for the trial court's conclusion that he was guilty of negligence.

"*Q.* Do you remember looking further to the east than just in front of Miller's Dairy?

"*A.* Well, no, I didn't. * * *

"*Q.* Now that you have thought back over it, you know if you had looked further to the east, or if you had looked more carefully to the east, you would have seen this boy coming, wouldn't you?

"*A.* I couldn't say that. I don't know exactly where he was. I didn't see him at all.

"*Q.* But if he had been anywhere in this area from River street down to the Packer's store, you would have seen him, wouldn't you?

"*A.* I should have, under those conditions. * * *

"*Q.* After you crossed the center line, going 10 or 15, there was nothing coming toward you, was there?

"*A.* Not that I saw.

"*Q.* You didn't look to your right again, did you?

"*A.* I looked once. I guess that was all.

"*Q.* When was that?

"*A.* Before I turned. * * *

"It was misting enough so that I had the windshield wipers both going and I needed to have the windshield wipers going in order to see properly. All of the windows were up except the one on the left. That was down a little bit.

"*Q.* And if you didn't have your windshield wipers going, you would not be able to see properly ahead, would you? I mean there was sufficient mist to keep you from seeing?

"*A.* Yes; that's right.

"*Q.* So you couldn't, after you turned you couldn't see to your right through the window of your car?

"*A.* Well, I don't know if I could or not because I didn't look through it. * * *

"*Q.* And you couldn't see to the east, or ahead at all? * * *

"*A.* I don't know exactly. Well, no.

"*Q.* In other words, you didn't ascertain that you could cut across lanes 1, 2 and 3 safely before you made the turn, did you?

"*A.* I could see through the windshield up to the gas tanks. Beyond that I don't know because I didn't look."

Was plaintiff guilty of contributory negligence as a matter of law in carrying a passenger on a single-seated motorcycle, designed for one person, in violation of Act No. 318, § 34b, subd. (b), Pub. Acts 1927, as added by Act No. 318, Pub. Acts 1939, which provides:

"No bicycle or motorcycle shall be used to carry more persons at one time than the number for which it is designed and equipped."

Violation of such statute by plaintiff was negligence *per se*. *Holmes* v. *Merson*, 285 Mich. 136; *Westover* v. *Railway Co.*, 180 Mich. 373. However, we have repeatedly held that to preclude recovery by the plaintiff, such negligence must be a contributing cause of the accident. In *Ertzbischoff* v. *Smith*, 286 Mich. 306, 311, it is said:

"So far as the absence of a lighted headlight on the bicycle is concerned, the violation of 1 Comp. Laws 1929, § 4736, as amended by Act No. 64, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 4736, Stat. Ann. § 9.1604), hereinafter quoted, would not preclude recovery unless it was a proximate cause of the accident. *Beebe* v. *Hannett*, 224 Mich. 88, and *Arvo* v. *Delta Hardware Co.*, 231 Mich. 488. See, also, *Reetz* v. *Schemansky*, 278 Mich. 626."

In *Brown* v. *Tanner*, 281 Mich. 150, 152, Mr. Justice Chandler, speaking for the court, said:

"We are also of the opinion that it was a question for the jury to determine if plaintiff's failure to comply with the provisions of the statute requiring his bicycle to be equipped with a light was a contributing cause of the accident. * * * *Gleason* v. *Lowe*, 232 Mich. 300."

Also, see *Stuck* v. *Tice*, 291 Mich. 486; *Holmes* v. *Merson, supra; Warwick* v. *Blackney*, 272 Mich. 231.

Whether plaintiff's violation of the statute by carrying a passenger on a single-seated motorcycle was a contributing cause of the accident was a question of fact, and not of law, and was for determination by the trial court, sitting as a judge of the facts.

Whether plaintiff was guilty of contributory negligence in failure to see defendants' car in time, or

in failing to stop his motorcycle in time, to avoid the accident, was also a question of fact, and not of law. In *Brown* v. *Tanner, supra,* p. 152, we said:

"Plaintiff was proceeding upon the street in a place where he had a lawful right to be. The intersection was well lighted and there were no vehicles present in the immediate vicinity other than defendant's car. Although plaintiff could undoubtedly have seen defendant had he looked we are unable to say that he was guilty of contributory negligence as a matter of law for his failure to do so. * * * Whether or not plaintiff was guilty of contributory negligence on this point was a question for the jury under all the facts and circumstances. See *Reed* v. *Martin,* 160 Mich. 253; *Black* v. *Parke Davis & Co.,* 211 Mich. 274; *Essenberg* v. *Achterhof,* 255 Mich. 55."

In *Winckowski* v. *Dodge,* 183 Mich. 303, 312, we said:

"Contributory negligence cannot be imputed to a plaintiff for failure to anticipate negligent acts of a defendant—no one need anticipate an unlawful act. In *Gilbert* v. *Burque,* 72 N. H. 521 (57 Atl. 927), this thought is thus expressed:

" 'Where the position of the plaintiff who was run into by a vehicle going in the opposite direction was not dangerous, until the other traveler's act rendered it so, he is not chargeable with negligence as a matter of law because he did not see defendant or because he failed to anticipate that he would suddenly turn to the left, or because he did not instantly resort to some self-protecting expedient.' "

We agree with the trial court that plaintiff was not guilty of contributory negligence as a matter of law.

Did plaintiff prove by a preponderance of the evidence that he was free from contributory negligence? This is solely a question of fact and difficult

to answer in view of the confusing and conflicting testimony and the inability of plaintiff to testify. Three of the four eyewitnesses to the accident were from 15 to 17 years old at the time of the trial, and they were very confused as to distances and speed. Their testimony varied the speed of the motorcycle from 15 to 20 miles an hour and the speed of the car from 10 to 30 miles an hour. Their testimony varied the distance the motorcycle travelled after defendants' car crossed the center line of the street into the westbound traffic lanes from 20 to 60 feet. There was conflict in testimony as to when plaintiff applied his brakes and whether he could have stopped his motorcycle in time to avoid the accident.

At least, it appears that after defendants' car crossed the center line of the street, it travelled 30 feet or more to the point of collision and that during such time plaintiff's motorcycle travelled a distance ranging, according to the conflicting testimony, from 20 to 60 feet. After defendants' car passed the center line of the street, the time required for both vehicles to reach the point of the accident was probably not more than two seconds. Prior to defendants' car's crossing the center line of the street, plaintiff had no reason to anticipate it would be driven into his path.

Did plaintiff in such short period of time do all that he could reasonably be expected to do to avoid the accident? There is testimony indicating that plaintiff turned his motorcycle to the north into the first traffic lane, shut off the gas, disengaged the clutch, and put on his hand and foot brakes. Through no fault of his own, plaintiff was suddenly confronted with an emergency, created by defendant driver's negligence, and had only seconds within which to act. In this sudden emergency plaintiff's acts should not be judged by ordinary standards of

due care. In *Saunders* v. *Berger*, 297 Mich. 199, 202, Mr. Justice Butzel said:

"It is undoubtedly true that plaintiff was confronted with a sudden emergency and that his acts subsequent to his discovery of the danger should not be judged by ordinary standards of due care."

In the case of *Harding* v. *Blankenship*, *supra*, p. 124, this court held:

"The driver of plaintiff's car naturally was confronted with a sudden peril and the law makes allowances for fright and lack of coolness and judgment under such circumstances. *Collins* v. *Hull*, 256 Mich. 507."

Furthermore, some allowance must be made for the time required for the mental and physical operations by plaintiff necessary to meet such emergency. In *Morton* v. *Peterman*, 291 Mich. 442, 445, we said:

"Some allowance must be made for time required for the requisite mental and physical operations in the application of automobile brakes (*Torbert* v. *Smith's Estate*, 250 Mich. 62), especially when, without negligence on his part, the driver is suddenly confronted with the necessity of action."

We cannot agree with the contention of defendants' counsel that the testimony adduced on behalf of plaintiff is incredible and contrary to the physical facts. Under the conditions and circumstances existing at the time of the accident, contributory negligence should not be charged against plaintiff on any strict mathematical calculation of time, distance, and rate of speed. In *Torbert* v. *Smith's Estate*, *supra*, p. 65, we said:

"The *Steinberg Case** is not to be taken as the conclusion of this court that, in all circumstances,

---

* *Steinberg* v. *Builders' Lumber & Wrecking Co.*, 238 Mich. 181.— Reporter.

negligence may be predicated on a strict mathematical computation of time, distance, and rate of speed. In case the unexpected occurs, time must be allowed a driver, put in peril without his fault, to appreciate the danger and form a judgment how he will meet it. A driver, about to make a left-hand turn, must give notice of his intention. He has not the right to dash across the street. * * * The ordinarily prudent driver may turn to the left when oncoming vehicles are near, but, if there is danger of collision, he will stop before he reaches the stream of traffic and await an opportunity to proceed.''

See, also, *Anderson* v. *Lynch*, 232 Mich. 276, 282; *Lindenfeld* v. *Michigan Interstate Truck Co.*, 274 Mich. 681.

''The positions of the cars and other such physical facts after the accident are not absolutely determinative of just what happened immediately prior to a collision. *Prove* v. *Interstate Stages*, 250 Mich. 478.'' *Harding* v. *Blankenship, supra*, p. 122.

There is no persuasive testimony that plaintiff's carrying a passenger on his motorcycle, in violation of statute, actually contributed to the cause of the accident.

The issue presented was solely a question of fact. The trial court saw and heard the witnesses and was best able to judge their credibility, and his determination that plaintiff was not guilty of contributory negligence should not be disturbed.

A careful study of the entire record fails to convince us that the judgment of the trial court was against the preponderance of the evidence.

Judgment for plaintiff is affirmed, with costs.

Sharpe, C. J., and Bushnell, Boyles, Chandler, North, Wiest, and Butzel, JJ., concurred.