WEBER v. BERGWALL.

1. EVIDENCE—INFERENCES.
    The jury should be permitted to draw legitimate inferences from the established facts.

2. AUTOMOBILES — MOTORCYCLES — NIGHTTIME — LIGHTS — PROXIMATE CAUSE — WRONG SIDE OF ROAD — CONTRIBUTORY NEGLIGENCE.
    Issue of contributory negligence of plaintiff motorcyclist was properly left to jury under evidence from which jury could infer that because of proximity to another motorcyclist slightly ahead of him noncompliance with statutory requirement as to motorcycle headlights was not a proximate cause of collision with defendants oncoming unlighted car at 10:30 p.m. in May while vehicles were rounding a sweeping curve and the car crossed centerline of 2-lane pavement shortly before the collision (CL 1948, § 256.344).

3. SAME—MOTORCYCLES—CONTRIBUTORY NEGLIGENCE—LIGHTS—DUTY TO OBSERVE.
    Motorcyclist was not guilty of contributory negligence as a matter of law in that he failed to see what he should have

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur, Trial, §§ 158, 159.
[2, 3] 5 Am Jur, Automobiles, §§ 426, 439, 703.
[2, 3] Existence and condition of lights on automobile as affecting right of operator or owner to recover for negligence. 14 ALR 794; 40 ALR 1243; 113 ALR 1260.
[4] 5 Am Jur, Automobiles, § 614; 38 Am Jur, Negligence, § 286.
[5] 3 Am Jur, Appeal and Error, § 944; 53 Am Jur, Trial, § 340.

seen by reason of not having headlights up to statutory standard, where defendants' oncoming car was travelling around sweeping curve without lights and crossed over to plaintiff's side of the road shortly before collision at 10:30 p.m., while cyclists could see taillights of car preceding them a block or more ahead (CL 1948, § 256.344).

4. Negligence—Contributory Negligence—Burden of Proof.
   A plaintiff has the burden of proving his freedom from contributory negligence.

5. Appeal and Error—Directed Verdict—Evidence.
   Testimony must be construed in the light most favorable to plaintiff while passing upon a defendant's motion for directed verdict.

Appeal from Dickinson; Jackson (Glenn W.), J. Submitted June 9, 1950. (Docket No. 56, Calendar No. 44,794.) Decided September 11, 1950.

Case by Ernest Weber by his next friend against Roy Bergwall and others for damages sustained in accident between plaintiff's motorcycle and defendants' automobile. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Ray Derham,* for plaintiff.

*Ernest W. Brown,* for defendants Bergwall and Evance.

*Paul Rahm,* for defendant Nokes.

North, J. This suit, by his next friend, in behalf of 19-year-old Ernest Weber, to whom we refer as plaintiff, was brought to recover for serious injury to plaintiff's person and damage to his motorcycle, on which he was riding at the time of a collision between it and an automobile, driven by defendant Nokes with the knowledge and consent of the other 2 defendants, owners of the automobile. On trial by

jury plaintiff had verdict for a substantial amount and judgment thereon. Defendants have appealed. The only issue presented is defendants' claim of error in that the trial judge did not direct a verdict for defendants on the ground that plaintiff was guilty of contributory negligence as a matter of law. Defendants' motion for a directed verdict made at the close of plaintiff's proofs and renewed at the conclusion of all proofs was denied by the circuit judge after verdict, and judgment thereupon was entered.

This accident occurred about 10:30 p.m., May 21, 1949, in Dickinson county on highway US–2 at a point approximately 175 to 200 feet northwesterly of the junction of this highway with M–95. From the junction point US–2 in a curving turn extends in a northwesterly direction, making a long sweeping curve for about a quarter of a mile. It is a 2-lane concrete pavement 20 to 22 feet wide and has a line which designates the center of the pavement. The night was dark but clear. There were no abnormal conditions of weather or road.

Plaintiff on his motorcycle, accompanied by 2 other motorcycles, was proceeding southeasterly around the curve on US–2 at 40 to 50 miles per hour. The motorcycle in the lead was proceeding relatively near the rider's right-hand edge of the pavement. Plaintiff, to his right of the center line of the pavement and somewhat to the left of the leading motorcycle, was proceeding not more than the length of a motorcycle to the rear of the leading machine. Each of these 2 motorcycles bore a headlight but plaintiff's light was dimmed. The driver of the third motorcycle, with whom a young lady was riding, was proceeding on his right-hand side of the pavement, and according to varying testimony, 40 to 100 feet in the rear of the other 2 machines.

Defendant Nokes was proceeding northwesterly around the curve. While he testified to the contrary, there is testimony from which it may be inferred that he was driving without lights. At the point of accident he had crossed the center line and his auto was at least partly on his left-hand side of the pavement. He testified that as he approached the 2 leading motorcycles he observed the lights on them. Following the impact defendants' car, according to marks on the pavement, skidded in a northerly direction, went off the driver's right-hand edge of the pavement, proceeded some 200 feet and came back onto the pavement before it came to a stop. The left-hand front tire had blown out. Photographs received in evidence show that the point of impact between the 2 vehicles was slightly to the rear of the left-front wheel of the automobile.

The 2 grounds urged by defendants in support of their motion for directed verdict are (1) plaintiff's "failure to have his motor-bike equipped with lights as prescribed by statute.* (2) In failure to see what he should have seen and taken steps to avoid injury to himself."

We may assume, when passing upon defendants' motion for a directed verdict, the circuit judge was correct in stating:

"There is no question but that the light on plaintiff's motorcycle did not comply with the statute and he was negligent in operating his motorcycle so lighted. The issue therefore, is whether or not this so contributed to his injuries and damages, as to bar his recovery. * * * If Couveau's (leading) motorcycle was operated with proper lights, plaintiff would have had substantially the same vision as if his motorcycle had been properly lighted, due to the

---

* See CL 1948, § 256.344 (Stat Ann 1949 Cum Supp § 9.1604).—Reporter.

proximity of the 2 motorcycles, as they were being operated upon the highway."

As noted by the trial judge, the issue still remained as to whether noncompliance with the statutory requirement relative to the headlight on plaintiff's motorcycle was a proximate cause of the accident. On this phase of the case the record discloses that while plaintiff's light was dimmed and by it (as he testified on cross-examination) he could see only 20 or 30 feet, or "something like that," he was riding on his right-hand side of the pavement, around what was designated as a rather "sweeping curve," and not more than a "bike length" behind the leading motorcycle with its light on; and further, as noted by the trial judge in denying the motion for a directed verdict, the vehicles of plaintiff and defendants were approaching each other at a high rate of speed, "from 117 1/3 to 146 2/3 feet per second." On account of the foregoing it might fairly be inferred that even if plaintiff's motorcycle had been bearing a lawful headlight it would not have aided him in averting the collision which happened with such suddenness, especially in view of plaintiff's claim that defendants' car just before the crash suddenly crossed to the driver's left of the center line. That the accident did happen in this manner might have been inferred by the jury from the testimony of each of the 4 motorcycle riders that none of them saw defendants' approaching car before the crash. Plaintiff was looking ahead and he testified he could see the taillight of a car ahead of him at a distance of a block or a block and a half, but, like the other 3 persons in the motorcycle party, plaintiff did not see any vehicle or the lights of any car approaching from the southeast. Further, there is some force to the following observation of the trial judge:

"On this issue (of whether defendants' car crossed the center line just before the impact) it is to be noted that there was evidence of 2 witnesses that when defendants' car came to rest, that its left front tire had blown out. There was no evidence as to whether this occurred before, or after the collision. It would hardly seem probable that this was caused by the collision, as the damage to the automobile indicated that the motorcycle collided with the automobile further toward the back than the left front wheel. The jury could have found that the blow out of this tire before the collision, could have caused this automobile to swerve to the left over the center line sufficiently to have caused the collision. If such was the case, the jury could have found that this occurred just before the collision, so that plaintiff would not have had any appreciable time to discover the automobile coming over on his side of the road."

In *Heppenstall Steel Co.* v. *Wabash Railway Co.,* 242 Mich 464, we said: "It has always been the rule of this jurisdiction that the jury should be permitted to draw legitimate inferences from the established facts."

In addition to the foregoing, plaintiff was not bound to anticipate that defendants' car would cross the highway center line to its left where plaintiff was proceeding on his right-hand side of the highway. An issue of fact for the jury was presented as to whether plaintiff's failure to have operating on his motorcycle a light such as was required by statute was a proximate cause of this accident. It was not error to refuse to direct a verdict for defendants on that ground.

As noted, the remaining ground urged in support of defendants' motion for a directed verdict was plaintiff's "failure to see what he should have seen and taken steps to avoid injury to himself." The record conclusively discloses that plaintiff had no warning of impending danger. Testimony which the

jury must have accepted as true was that plaintiff was proceeding on his right side of the highway, and that the collision would not have occurred if the driver of defendants' car had not driven to his left of the center line in violation of law. Plaintiff was looking ahead and saw the taillight on a car a block or more ahead of him; but neither plaintiff nor any of his 3 companions saw any car or lights approaching in front of them. If, as the jury might have found, defendants' car was being driven without lights, it could not be said, under the facts of the instant case, that since plaintiff did not see defendants' car before the collision occurred he was guilty of contributory negligence as a matter of law. The law applicable to the instant case is stated and was a basis of our decisions in *Brown* v. *Tanner,* 281 Mich 150; *Gleason* v. *Lowe,* 232 Mich 300; *Ertzbischoff* v. *Smith,* 286 Mich 306; *Suarez* v. *Katon,* 299 Mich 38.

The trial judge was not in error in denying defendants' motion for a directed verdict. In so holding we are mindful that the burden of proving his freedom from contributory negligence was on plaintiff, but it is also the rule of law that in passing upon defendants' right to have verdict directed in their favor the testimony must be construed in the light most favorable to the plaintiff. *Alley* v. *Klotz,* 320 Mich 521. The judgment entered in the circuit court is affirmed, with costs to appellee.

BOYLES, C. J., and REID, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.